[Nos. 12309–13013. In Bank. — July 17, 1891.]

## GILBERT L. CURTISS, Respondent, *v.* ÆTNA LIFE INSURANCE COMPANY, Appellant.

Life Insurance — Policy Issued to Creditor — Insurable Interest — Common Law — Outlawed Debt. — The validity of a life insurance policy issued to a creditor of the person whose life is insured, prior to the adoption of the Civil Code, must be determined by the common law applicable to the question of insurable interest, under which it seems that a debt, even though not legally collectible by reason of the bar of the statute of limitations, gives an insurable interest.

Id. — Contract to Advance Money. — At common law, a binding contract to advance money to the person whose life is insured, on his demand, gives to the creditor an insurable interest in his life.

Id. — Security for Future Advances — Statute of Frauds — Estoppel of Insurance Company — Extent of Insurable Interest. — Although it does not appear that the creditor was, at the date of the policy, bound by a written contract to advance the amount of the policy, yet if it appears that future advances were promised, and that the person whose life was insured had made a written acknowledgment of a large subsisting indebtedness; that a full and correct statement of all the facts was made to the agent of the insurance company; that the company continued to receive the premiums with knowledge of the facts; and that the plaintiff, on the faith of the policy, finally advanced the full amount thereof, — the company is estopped to allege a misrepresentation of an insurable interest to the full amount of the policy.

Id. — Assignment of Policy by Creditor — Collateral Security — Proof of Interest. — A policy of life insurance issued to a creditor of the person insured may be afterwards assigned by such creditor as collateral security, and the assignee may enforce payment of the policy, though at the time of the assignment he had no insurable interest in the life of the insured person, and notwithstanding the policy expressly provides that any claim made by any assignee shall be subject to proof of interest.

Id. — Trust — Construction of Policy. — An assignment of a life insurance policy as collateral security makes the assignee a mere trustee of the assignor, and is not within the meaning of a proviso in the policy that any claim made by any assignee shall be subject to proof of interest.

Id. — Recovery by Assignee — Indebtedness of Assignor — Payment — Release. — In an action by such assignee against the insurance company, he may recover the full amount of the policy; and the insurance company cannot raise any question as to the amount of the subsisting indebtedness of the assignor to the assignee, or as to whether the indebtedness was paid or released subsequent to the time when the loss became payable.

Id. — Place of Execution of Policy — Statute of Limitations. — A life policy issued by an insurance company of another state, which expressly provides that it shall not be operative until countersigned by the general agent of the insurance company at San Francisco, in the state of California, and which was so countersigned, is a written contract executed in this state within the meaning of the statute of limitations.

Pleading — Demurrer — Presumption — Writing — Defense — Statute of Limitations. — A complaint showing money to have been loaned at a date sufficiently remote to admit of the running of the statute of limitations does not raise a presumption that the statute has run. If the allegation is consistent with the supposition that the debt is not barred by reason of a promise in writing, or written acknowledgment of the debt, the defense must be raised by answer.

Id. — Statute of Frauds. — If an agreement, to be valid, must have been in writing, then the allegation that it was so agreed implies that it was so agreed in writing.

Id. — Amendment of Complaint during Trial — Curing of Error. — An error in the admission of immaterial evidence is cured by a subsequent amendment of the complaint before the close of the trial, rendering the evidence material.

Appeals from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Fox & Kellogg*, for Appellant.

*Charles F. Hanlon*, for Respondent.

Beatty, C. J. — These are separate appeals in the same case; the first from the judgment, and the second from an order denying a new trial.

The action is by the assignee of a policy of life insurance effected by his assignor upon the life of a third person, and the principal grounds upon which it is defended are, want of interest in the insured at the date of the policy, and in plaintiff at the date of the assignment. The points involved in these and other grounds of defense are raised by demurrer to the complaint, motion for nonsuit, and by numerous exceptions to the admission and exclusion of evidence, and to the allowance and refusal of instructions to the jury.

It is scarcely practicable to notice each separate exception contained in the record and referred to in the briefs, but we shall endeavor not to overlook anything essential to a proper consideration of the merits of the appeals.

First, then, as to the points raised by the demurrer.

It appears from the complaint as amended that the policy was issued April 5, 1871, to Esther C. Curtiss, for the sum of ten thousand dollars on the life of one Tucker; and with respect to her interest in Tucker's life, it is alleged "that at the time said application was made, the said Esther Cordelia Curtiss had an insurable interest in the life of Alfred W. Tucker, which interest was as follows: The said Tucker at the time was indebted to the said Esther C. Curtiss in the full sum of four thousand dollars, for so much money which she had before that time, to wit, in the year 1866, loaned to the said Tucker in United States gold coin, at his special instance and request; the whole of which, together with the interest thereon from the time of said loan, was due and unpaid on said last-mentioned date; and was also on said last-mentioned date further indebted to the said Esther C. Curtiss in the sum of five hundred dollars, or thereabouts, for so much money before that time, and since the year

1866, paid, laid out, and expended for and on account of the said Tucker by the said Esther C. Curtiss, at his special instance and request, together with the interest thereon. And on the day application was made as aforesaid, and immediately prior to the making of the same, the said Esther C. Curtiss, for valuable consideration, agreed with the said Tucker to loan and advance money thereafter at such times as he might demand till the amounts so loaned and advanced, in the aggregate, and the interest thereon, together with other sums so due as aforesaid, and the interest thereon, should amount to the total sum of ten thousand dollars. And plaintiff avers, on his information and belief, that afterward, to wit, subsequently to the making of said application and the issuance of said policy, and in pursuance of said agreement between the said Esther C. Curtiss and the said Tucker, she, the said Esther C. Curtiss, at various times loaned and advanced to said Tucker various sums of money, which, together with the interest thereon, and the said sums of four thousand dollars and five hundred dollars, and the interest due thereon, amounted in all to the sum of ten thousand dollars, and the whole of which was unpaid and due from said Tucker to said Esther C. Curtiss at the time of his death as herein stated, and no part of which has ever been paid. All of which was communicated to and known by the defendant at the time said application was made, and before and at the time of the issuance of the said policy."

Appellant contends that these allegations disclose no insurable interest in Mrs. Curtiss within the meaning of section 2763 of the Civil Code.

It is to be observed, however, that at the date of the policy the Civil Code had not been enacted; and the question is, not whether the policy is obnoxious to the provision referred to, but whether it was rendered invalid by any rule or principle of the common law. There may be no difference between the two; and indeed it

may be allowed that the code provision is an indication of what, in the opinion of the legislature, the common-law rule was; but if there is a difference, it is by the common law, and not by the code, that the validity of the policy must be tested.

Bearing this in mind, we proceed to consider the specific objections of counsel for appellant to the statement of Mrs. Curtiss's interest.

He claims that it appears from the allegations of the complaint. that her right to recover the four thousand dollars loaned in 1866, and the five hundred dollars advanced after 1866, was, at the date of the policy, barred by the statute of limitations, and consequently that Tucker was under no legal obligation to repay any part of these sums or of the interest thereon; and he contends that the alleged agreement to advance other money, sufficient, with the sums previously advanced, to amount to ten thousand dollars, was void under the statute of frauds, because, presumably, it was not in writing, and not to be performed within one year.

As to the first proposition, the cases seem to hold that a debt, even though not legally collectible by reason of the bar of the statute, gives an insurable interest.   (1 May on Insurance, sec. 108; Bliss on Life Insurance, sec. 28, and cases cited.)   But, aside from this, we think it does not appear from the complaint itself that at the date of the policy the obligations of Tucker to Mrs. Curtiss were barred by the statute.   The case of *Dorland* v. *Dorland*, 66 Cal. 189, cited by counsel, is not in point. It was merely held in that case as a rule of *evidence* that an advance of money being proved, and no time for repayment mentioned, the presumption is, that it is payable on demand, and that the statute begins to run immediately.   Here, however, the question is as to a rule of *pleading*, and we do not understand that a complaint showing money to have been loaned at a date sufficiently remote to admit of the running of the statute

raises a presumption that it has run. On the contrary, when the allegation is consistent with the opposite conclusion, i. e., that the debt is not barred, the defense must be raised by plea. (*Kraner* v. *Halsey*, 82 Cal. 210; *Doe* v. *Sanger*, 78 Cal. 151; *Wise* v. *Hogan*, 77 Cal. 187, and cases cited.) Here the allegation that Tucker became indebted more than four years prior to the date of the policy is entirely consistent with the fact of an original promise in writing to pay at a date within four years, or with a written acknowledgment of the debt, subsequently made, and an express or implied promise to pay it.

As to the proposition that the agreement of Mrs. Curtiss to advance other moneys was void, the rule of pleading is also against the contention of appellant. If the agreement, to be valid, must have been in writing, then the allegation that it was so agreed is held to imply that it was so agreed in writing. (*Broder* v. *Conklin*, 77 Cal. 336, and cases cited.)

So far, then, as the complaint is concerned, it clearly shows an indebtedness from Tucker to Mrs. Curtiss, at the date of the policy, amounting to four thousand five hundred dollars, exclusive of interest, and to that extent there can be no question that it shows her to have had an insurable interest in his life.

But did she have any interest beyond the amount of the then existing indebtedness? In other words, did her agreement to advance Tucker, on his demand, the balance of ten thousand dollars create an additional interest?

It has been held that a surety on an official bond has an insurable interest in the life of his principal, although there has been no breach of the bond at the date of the application for the policy; and that he may recover the full amount of the sum insured, although no breach of the bond has ensued. (*Scott* v. *Dickson*, 108 Pa. St. 6; 56 Am. Rep. 192.) This conclusion was based upon the

ground that the contingent liability of a surety brings
him within the common-law principle that the only
thing essential to relieve the policy of the character of a
gaming or wagering contract is, " that it shall be ob-
tained in good faith, and not for the purpose of speculat-
ing upon the hazard of a life in which the assured has
no interest "; citing *Conn. Life Ins. Co.* v. *Schaefer*, 94
U. S. 457.   Upon the same principle, it must have been
held at common law that a binding contract by Mrs. Cur-
tiss to advance money to Tucker, on his demand, gave
her an insurable interest in his life.

We come next to the question whether the complaint
was bad because of a failure to allege that plaintiff, at
the date of the assignment to him, had an insurable in-
terest in the life of Tucker.

The allegation of the complaint is, that on the twelfth
day of January, 1880, said Esther C. Curtiss, for a val-
uable consideration, to wit, the sum of ten thousand
dollars and upwards, and in accordance with the terms
of said policy, assigned, etc., to plaintiff; and a copy of
the assignment, attached as an exhibit to the complaint,
is referred to and made a part thereof.   Referring to the
assignment, it appears from its terms to have been made
*as collateral.*   There may be some ambiguity or uncer-
tainty about the meaning of this allegation, construed
with reference to the terms of the assignment as set
out in the exhibit, but no such objection was specified in
the demurrer, and upon a general demurrer we think the
complaint must be held to allege an assignment of the
policy as collateral security for the repayment of ten
thousand dollars and upwards advanced by plaintiff to
the assured.

So far as it is affected by the law of this state as it
existed at the date of the assignment, there can be no
doubt of the validity of the transfer.   By section 2764
of the Civil Code it is provided that " a policy of in-
surance on life or health may pass by transfer, will, or

succession to any person, whether he has an insurable interest or not, and such person may recover upon it whatever the insured might have recovered." It may be, however, notwithstanding this provision, that the parties to a life policy can make a valid stipulation against an assignment to one who has no insurable interest in the life insured; but whether they could or not, we have no doubt that such a stipulation in a policy issued, as this policy was, before the enactment of the code remains of binding force. It is necessary, therefore, to consider the terms of the policy in disposing of this point.

By its express terms the amount insured is made payable "to Esther C. Curtiss, her executors, administrators, or *assigns,* within ninety days after notice and proof of the death of the insured, etc."; but it is, in another clause, provided that any claim "made by any assignee shall be subject to proof of interest."

Does this proviso apply to an assignee who holds the policy merely as collateral security for the repayment of money advanced to or for the insured? We hold that it does not.

The law against assignments to parties without interest (where such is the law), and stipulations against such assignments, are based upon the same motives and policy, and neither one nor the other applies to assignments by way of security. The assignee in such case is a mere trustee for the insured. What he collects on the policy he collects for him, and must apply it to the payment of the debt secured, accounting for any surplus. So regarded, such assignments do not involve the mischief which the common law or the contract of the parties was designed to prevent, and are consequently not within the meaning of the proviso in this policy. In the case of *Warnock* v. *Davis.* 104 U. S. 775, where it was held that an assignment to one who had no insurable interest was invalid in other respects, the assignee was never-

theless a'lowed the advances for which the policy was security. The principle of that decision sustains our conclusion on this point.

It was not necessary, therefore, that the plaintiff should allege any interest in the life of Tucker. If it was necessary that he should allege an indebtedness from the insured to him, we think the fact was sufficiently alleged as against a general demurrer; and if it was necessary to allege preliminary proof to defendant of such indebtedness, we think that allegation is comprised in the general allegation that "all conditions on the part of E. C. Curtiss and plaintiff have been performed."

The demurrer to the complaint was properly overruled, and this conclusion disposes of the appeal from the judgment, which is accordingly affirmed.

With respect to the appeal from the order denying a new trial, it is clear, if our conclusions above stated are correct, that the superior court did not err in overruling defendant's objection to the admission of any testimony in support of the complaint.

Nor did the superior court err in overruling the motion for a nonsuit.

Only one of the grounds of this motion remains to be noticed, the others being disposed of by what has already been said.

This action was commenced more than two years after the liability of defendant accrued, and if the policy was executed out of this state, the right of action was barred by section 339 of the Code of Civil Procedure.

The complaint alleges that the policy, a copy of which is made part thereof, was executed in California, April 5, 1871. The answer admits the genuineness and due execution of the policy, a copy of which is annexed to the complaint, but denies that it was executed in California, alleging, on the contrary, that it was executed in Connecticut on the 14th of March, 1871, and pleading the bar of the statute.

The plaintiff did not introduce the policy in evidence at the trial, and the contention of the defendant is, that he therefore did not prove a policy executed in California, and consequently that he should have been nonsuited on the plea of the statute of limitations.

But even if we admitted that with respect to this plea the burden of proof was on the plaintiff, — which we do not, — the contention of defendant could not be sustained.

The last clause of the policy was in these words: " In witness whereof, the said Ætna Life Insurance Company have, by their president and secretary, signed and executed this contract in the city of Hartford this fourteenth day of March, 1871, *but the same shall not be operative* until countersigned by M. P. Morse, general agent at San Francisco, California"; following which came the signatures, " E. A. Bulkeley, President; T. O. Center, Secretary"; and then the following: " Countersigned at San Francisco this fifth day of April, 1871. M. P. Morse, General Agent."

All this appeared by the copy set out in the complaint, the correctness of which was expressly admitted by the answer. It appeared, therefore, on the face of the pleadings, that the policy, although partly executed at Hartford, on March 14th, was not fully executed or operative until countersigned, some time afterward, by the general agent at San Francisco. The plaintiff also testified at the trial that Morse countersigned the policy at San Francisco after it was returned from Connecticut, and this testimony was admitted without objection. The motion for a nonsuit was properly denied.

There are numerous specifications of particulars in which the evidence is insufficient to support the verdict of the jury, as to which we say that it appears very plainly from the testimony that the procuring of the policy in question by Mrs. Curtiss was a perfectly honest and legitimate transaction. She had advanced large

sums to Tucker, and there is very satisfactory evidence that shortly before the issuance of the policy, Tucker, in applying for an additional advance, had distinctly acknowledged, in writing subscribed by him, an existing indebtedness of between five and six thousand dollars, and this acknowledgment was not qualified by any promise to pay upon a contingency, as in *Curtis* v. *Sacramento,* 70 Cal. 414, or by any declaration inconsistent with an intention to pay. It does not appear that Mrs. Curtiss was, at the date of the policy, bound by any contract in *writing* to advance Tucker the balance of the ten thousand dollars, but she had promised advances to a considerable amount, and there is evidence that she made them. It also appears that her written answers to questions contained in or accompanying her application for the policy were filled in by the agent of defendant, after a full and correct statement of all the facts as they existed. This is clearly and distinctly proved by the testimony of the agent who took the application. With this knowledge, which must be imputed to the company, it issued the policy, and continued to receive the premiums during the lifetime of Tucker, i. e., for a period of nine years, during which time Mrs. Curtiss, on the faith of the policy, made advances which, with the old debt and interest accruing, must have exceeded ten thousand dollars. Under these circumstances, we think it does not lie in the mouth of the defendant to charge her with misrepresentation in stating in her application that she had an insurable interest to the full amount of the policy, although, as matter of strict law, her interest at that time may not have amounted to so much. Her interest was, we think, sufficiently proven to sustain the verdict.

As to the alleged failure to prove an insurable interest in plaintiff at the date of the assignment, we have shown that none is required to support an assignment by way of collateral security.

It was clearly proved that Mrs. Curtiss was largely indebted to plaintiff at the time of the assignment, at the time of Tucker's death, when the policy became payable, and at the time of her own death. This gave plaintiff a right of action on the policy, and all the questions which defendant attempts to raise about the payment or release of the indebtedness from Mrs. Curtiss to plaintiff, subsequent to the time when the loss became payable, are out of place here. Those are questions which can only arise between plaintiff and the heirs or other representatives of Mrs. Curtiss, they alone being concerned in a proper application or distribution of the proceeds of the policy. After a loss and fixed liability attached, it is of no concern whatever to the insurer whether an assignee has or has not an interest in the life insured.

As to the alleged errors of law, many of them are disposed of by what has already been said.

Some evidence admitted against the objection of defendant was immaterial at the time it was so admitted, but the complaint was subsequently amended before the close of the trial, so as to make this evidence material. This cured the error.

We find no material error in the instructions upon which the case was submitted to the jury, except that they are in some respects too favorable to the defendant.

Judgment and order affirmed.

McFARLAND, J., DE HAVEN, J., PATERSON, J., SHARPSTEIN, J., and HARRISON, J., concurred.

Rehearing denied.