[Civ. No. 1382. Third Appellate District.—November 27, 1915.]

## MARTIN JOHNSON, Respondent, v. DIXON FARMS COMPANY (a Corporation), Appellant.

SALES—PERSONAL PROPERTY—DELIVERY NOT ESSENTIAL.—A "sale" is a contract by which, for a pecuniary consideration, called a price, one transfers an interest in property, and it may be consummated without a delivery of the property to the vendee.

ID.—DELIVERY OF POSSESSION—RULE OF EVIDENCE.—The rule requiring the possession of personal property to be delivered to the vendee to render the sale valid as against the creditors of the vendor is one of evidence only, and in no way enters into the contract of sale as an element thereof, so far as the parties thereto are themselves concerned.

ID.—ACTION FOR PURCHASE PRICE OF HAY—PLEADING—OMISSION TO ALLEGE DELIVERY—SUFFICIENCY OF COMPLAINT.—A complaint in an action to recover the purchase price of certain hay which alleges that

the plaintiff on or about a designated date "sold" to the defendant such property, that the latter promised to pay for the same, and that it had defaulted in its promise, states a cause of action, and no averment of delivery is essential.

ID.—AMENDMENT OF COMPLAINT—SHOWING OF DELIVERY—NONSERVICE OF COPY—LACK OF PREJUDICE.—An order made during the trial permitting the plaintiff to amend his complaint by adding words thereto showing a delivery of the hay, and the failure of the plaintiff to serve a copy of such amendment upon the defendant, which was not represented at the trial and which merely filed an unverified answer to the verified complaint, is not a sufficient ground of reversal, in view of the amendment of section 4½ of article VI of the constitution.

APPEAL from a judgment of the Superior Court of Solano County.   A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

T. T. C. Gregory, Thomas A. Allen, and Dan Hadsell, for Appellant.

W. U. Goodman, for Respondent.

HART, J.—This is an appeal by the defendant from the judgment on the judgment-roll alone.

By the filing of a verified complaint, the plaintiff brought the action to recover from the defendant judgment for the sum of $609, alleged to be due the former from the latter by reason of a transaction which is stated in the complaint as it was originally filed as follows:

"That on or about the 1st day of December, 1913, plaintiff sold to said defendant fifty-three tons of hay at twelve dollars per ton, amounting to six hundred and nine dollars; that said defendant promised to pay said plaintiff the said amount as follows: One-half thereof to be paid on the 1st day of January, 1914, and one-half on the last day of January, 1914."

It is then alleged that the defendant "failed and neglected to pay said amount at said times, and that the said amount, and the whole thereof, still remains due, owing, and unpaid."

The defendant demurred to the complaint on both general and special grounds.   The special grounds of demurrer are that the complaint is uncertain, ambiguous, and unintelligible because it does not appear therein, nor can it be told there-

from, whether the defendant was required to pay for the hay before or after delivery, or whether the hay has been delivered to the defendant, etc.

The demurrer was overruled, and thereafter, in due time, the defendant filed an unverified answer or a general denial to the complaint.

The judgment recites that the defendant was not represented at the trial, but it is stipulated that, during the course of the trial (evidence having been taken), the plaintiff was permitted by the court to add to the charging part of the complaint, above quoted, the words, "and delivered," inserting said words therein immediately after and following the word, "sold." By the addition so made, the complaint was made to read: "That on or about the 1st day of December, 1913, the plaintiff sold *and delivered* to said defendant" the hay, etc.

A copy of the complaint as so altered or of the language added thereto as indicated was not served on the defendant or its counsel.

The position of the defendant is that the action was intended as one for goods sold and delivered, but that the complaint failed to state such a cause of action because it omitted to allege that the goods alleged to have been sold had been delivered, and that, therefore, the demurrer should have been sustained. It is further contended that the alteration made in the complaint at the trial by inserting therein the words, "and delivered," so that a cause of action for goods sold and delivered was stated, constituted an amendment of that pleading, and that, therefore, it was, under the terms of section 432 of the Code of Civil Procedure, entitled to be served with a copy of such amendment or the complaint as amended, thus giving it the opportunity to which it is entitled by virtue of said section to exercise its right to answer or demur to the amendment or the complaint as amended within the ten days allowed thereby.

We can see no reason for doubting that the complaint, in its original draft, stated a cause of action on a contract of sale.

A "sale" is defined by our code to be "a contract by which, for a pecuniary consideration, called a price, one transfers to another an interest in property." (Civ. Code, sec. 1721; 35 Cyc. 25.) In other words, a sale is a transfer of the title to a thing from one to another for a consideration. Thus it is plain

that a contract of sale and the title to personal property thereby transferred may be consummated without a delivery of the property to the vendee, the rule requiring the possession of such property to be delivered to the vendee to render the sale valid as against the creditors of the vendors being one of evidence only, and in no way enters into the contract of sale as an element thereof, so far as the parties thereto are themselves concerned. It is hence very clear that the complaint, in its original draft, having alleged that the plaintiff sold the hay to the defendant, that the latter promised to pay for the same in two installments on specified dates, and that it defaulted in its promise so to pay, at the least stated a cause of action on the contract of sale so pleaded, and that, therefore, the demurrer was properly overruled.

The complaint having been verified, it was necessary for the defendant, to have stated a defense to the cause of action set up in the complaint, to have filed a verified answer. (Code Civ. Proc., sec. 446.) This it failed to do, having, as seen, merely filed an unverified answer, and the "answer" so filed constituted no defense to the cause of action pleaded by the plaintiff. The plaintiff was, therefore, entitled to have the answer stricken out on motion and a judgment by default thereupon entered, or, in the absence of an order striking the answer out, to a "judgment for want of an answer." (*McCullough* v. *Clark,* 41 Cal. 298; *Hemme* v. *Hays,* 55 Cal. 337; *Hearst* v. *Hart,* 128 Cal. 327, 328, [60 Pac. 846].) Thus it is to be observed that the plaintiff, under his complaint as it was originally filed, was entitled to and properly awarded judgment for the sum for which he sued, and that by the alleged amendment of his complaint as indicated he could have obtained judgment for neither more nor less, nor, indeed, have obtained any different relief from that originally prayed for, and which he finally received. In other words, he was admittedly entitled to judgment for the amount sued for on the *contract of sale,* whether the goods were or were not delivered. We cannot, therefore, perceive wherein the defendant could derive any benefit from a decision returning the cause to the court below for further proceedings, assuming that the alteration of the complaint in the respect shown may truly be said to have resulted in changing the cause of action, or amounted to an amendment of the pleading in a material particular. Indeed, we are of the opinion that, in view of the

peculiar state of the record in this cause, the appeal here should be considered and decided under the light and according to the spirit and intent of the recent amendment of section 4½ of article VI of the constitution, for we cannot say that the order allowing the purported amendment of the complaint has resulted in a miscarriage of justice.

But we may, we think, safely take another view of the question presented.

While it would, of course, always be the better practice and responsive to the rules of good pleading, in an action for goods sold and delivered, to specifically and directly allege the fact of delivery as well as the fact of sale, we cannot bring ourselves to the belief that the fact of delivery is not necessarily implied from the averment that the hay was sold to the defendant, and, therefore, we think the complaint in this case, as it was originally drafted and filed, sufficiently stated a cause of action for goods sold and delivered.

A word or a phrase should be interpreted according to the connection in which it is used and the general purpose for which it is employed in particular instances. While in a contract of sale the phrase, "goods sold," might not necessarily imply that the goods had been delivered, it seems to us that delivery would necessarily be implied therefrom where the phrase is used in a pleading in an action to recover the price for which the goods were sold. As used in common parlance, the phrase, "goods sold," would be understood as goods sold and delivered to the buyer. And it is difficult to conceive a statement in a pleading, in an action to recover the price or consideration, that goods had been sold without, at the same time and as a part of the same concrete thought, conceiving the fact of the delivery of the possession of the chattel to the vendee, in whom the title thereto had been vested *eo instanti* upon the consummation of the sale. So, we are of the opinion that the allegation *in the complaint* that the plaintiff *sold* the hay to the defendant necessarily carried with it the implication that he delivered it to the defendant, and that this is sufficient as against the attack against the complaint upon any of the grounds set out in the demurrer. From this it would follow that the insertion of the words, "and delivered," in the complaint as above explained was unnecessary, and did not have the effect of adding anything to the complaint or changing the cause of action already pleaded.

Most assuredly, as counsel for the defendant maintain, under the old common-law system of pleading, as we find it expounded by Mr. Chitty and Mr. Stephens and other eminent juristic writers, the construction to which we feel justified in subjecting the complaint here would not be permissible. Under the common law, there were two different actions growing out of the sale of personal property, to wit: 1. An action for goods *bargained and sold,* where the goods had been sold but not delivered, and there had been a complete sale and the property in the commodity sold had become vested in the defendant, there having been an actual acceptance of the same by him; 2. An action for goods *sold and delivered,* in which case it was requisite to directly allege the delivery as well as the sale of the article. That system of pleading and procedure, however, required a literal observance of its rules, and the slightest technical departure therefrom, either as to the form of the action or the pleading of the facts essential to the statement of a cause of action in a particular form, would leave the party without a standing in court. Form was, in other words, held paramount to substance under that system of pleading, procedure, and practice—so much so, indeed, that that notion finally became responsible for the development of the more liberal ideas which directly forced the invention of the more elastic legal actions of case and *assumpsit,* and, indeed, the body of equitable remedies which now adorn the jurisprudence of all civilized countries.

But, under the reformed procedure, substance is no longer subordinated to form, and, under that system (in this state), there is but one form of civil actions for the enforcement or protection of private rights and the redress or prevention of private wrongs. (Code Civ. Proc., sec. 307.) And, as to the viewpoint from which pleadings shall be considered, the rule is that, in their construction, for the purpose of determining their effect, their allegations must be liberally construed, with a view to substantial justice. (Code Civ. Proc., sec. 452.) Therefore, where, under the old common-law system, a pleading would crumble under the weight of a demurrer, under the advanced or reform system, which concerns itself more with substance, the same pleading might reasonably and justly be held sufficient to state a cause of action for the particular relief prayed for. So, measuring the scope of the complaint in this action by our own rules of

pleading, we do not hesitate to say, as we have already declared, that from the averment that the plaintiff *sold* the hay to the defendant, the fact of delivery is implied, and this, while not the strictly proper manner of stating a case for goods sold and delivered, is nevertheless sufficient.

The judgment is affirmed.

Chipman, P. J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 26, 1916, and the following opinion then rendered thereon:

ANGELLOTTI, C. J.—The application for a hearing of this cause in this court, after decision by the district court of appeal of the third district, is denied.

In denying such application we deem it proper to say that the appeal was properly disposed of by the district court of appeal on the first ground stated in the opinion. What was said in support of a second ground for affirmance, commencing with ''But we may, we think, safely take another view of the question presented,'' is not at all essential to the maintenance of the judgment of the district court of appeal, and while not intimating any view as to the correctness thereof, we do not desire to be understood by our denial of the application as approving the same. The appeal in this case was manifestly destitute of merit, and the district court of appeal would have been well warranted in penalizing appellant by the imposition of damages for a frivolous appeal, taken purely for delay, as asked by respondent's counsel in his brief.

Henshaw, J., Lawlor, J., and Melvin, J., concurred.