[L. A. No. 6048.   Department Two.—May 18, 1920.]

## H. T. JONES, Respondent, v. CALIFORNIA GROWERS & SHIPPERS, INC. (a Corporation), Appellant.

[1] SALE—CROP OF GROWING MELONS—RECOVERY OF PRICE—PLEADING—ALLEGATION OF DELIVERY UNNECESSARY.—In an action to recover the balance of the purchase price of a crop of melons growing on the ranch of the plaintiff which was "sold" by him to the defendant, no specific allegation of delivery is essential.

[2] ID.—GROWING CROPS—ABSOLUTE SALE.—Growing crops, as well as other personal property, are subject to absolute sale.

[3] APPEAL—LACK OF MERIT—PENALTY.—Where in view of section 4½ of article VI of the constitution an appeal is without semblance of merit, a penalty should be imposed.

APPEAL from a judgment of the Superior Court of Imperial County.  Franklin J. Cole, Judge.  Affirmed.

The facts are stated in the opinion of the court.

C. K. Bonestell for Appellant.

James W. Griffin for Respondent.

WILBUR, J.—Plaintiff recovered judgment for two thousand six hundred dollars, being the balance of the purchase price of the entire crop of melons growing on his ranch, which was sold by him to the defendant for four thousand six hundred dollars, payable two thousand dollars cash, six hundred dollars June 25, 1918, and two thousand dollars July 1, 1918.  Suit was brought June 26, 1918, for six hundred dollars.  Payment of two thousand dollars having become due July 1, 1918, its nonpayment was set up by supplemental complaint filed July 10, 1918.  The findings and judgment being in favor of plaintiff, the defendant appeals upon the judgment-roll alone, claiming that there is no specific allegation of delivery.  Appellant attempts to distinguish this case from that of *Christensen* v. *Cram*, 156 Cal. 633, 635, [105 Pac. 950], in which on an appeal on the judgment-roll alone an allegation that the goods "sold" was held sufficient allegation of a completed sale, upon the ground that "in the case at bar the allegation is that the melons

were still growing; therefore a delivery in future must of necessity have been contemplated and the transaction was not a completely executed one." **[1]** This position is not tenable. **[2]** Growing crops, as well as other personal property, are subject to absolute sale. (*Hamilton* v. *Klinke* (Cal. App.), [183 Pac. 674]. See, also, *Blackwood* v. *Cutting Packing Co.*, 76 Cal. 212, [9 Am. St. Rep. 199, 18 Pac. 248]; *Brown* v. *Anderson*, 77 Cal. 236, [19 Pac. 487]; *Wong Foo* v. *Southern Pac. Co.*, 41 Cal. App. 42, [181 Pac. 823]; *Johnson* v. *Dixon Farms Co.*, 29 Cal. App. 52, [155 Pac. 134, 136].) It was proper to set up the non-payment of the two thousand dollar note by way of supplemental complaint. The judgment of the trial court was correct. **[3]** In view of section 4½, article VI, of the constitution, the appeal is without semblance of merit, and a penalty for a frivolous appeal should be imposed. (*Johnson* v. *Dixon Farms Co., supra.*)

Judgment affirmed, with penalty of one hundred dollars for frivolous appeal.

Lennon, J., and Sloane, J., concurred.