[Civ. No. 4151. Second Appellate District, Division One.—May 1, 1923.]

## C. F. WARFIELD, Appellant, v. DOMENICK BASSO et al., Respondents.

[1] PLEADING—DAMAGES—MISTAKEN RULE.—Where the facts stated in a complaint show that the plaintiff is entitled to damages of some sort, it is not a fatal error that the pleader has mistaken the rule by which such damages should be determined.

[2] ID.—PRAYER—JURISDICTION.—Jurisdiction of the superior court is determined by the amount for which judgment, in good faith, is demanded in the complaint.

[3] STATUTE OF FRAUDS—WRITTEN CONTRACT—PRESUMPTION—PLEADING.—In an action on a contract required by the statute of frauds to be in writing, the presumption is that the contract is in writing, and there is no necessity for an allegation in the complaint to that effect.

[4] ID.—ORAL CONTRACT—PART PAYMENT.—Under an oral contract for the sale of personal property part payment of the agreed purchase price will take the contract out of the statute of frauds.

[5] SALES—ACCEPTANCE OF AUTOMOBILE AS PAYMENT—DELIVERY.—In this action for damages for failure to deliver an automobile, assuming the allegations of the complaint to be true, the transaction between the parties amounted to a sale by defendants to plaintiff, notwithstanding there was only a part payment in cash, coupled with an agreement to accept another automobile as additional payment, with the balance to be paid in installments, and neither delivery to plaintiff of the automobile in question nor full payment therefor was necessary to complete the sale as between the parties to the transaction.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles S. Crail, Judge. Reversed.

The facts are stated in the opinion of the court.

Hocker & Austin for Appellant.

D. M. Potter and A. J. Getz for Respondents.

HOUSER, J.—Plaintiff commenced an action against defendants by filing a complaint which, after the formal parts thereof, contained the following allegations:

"That on said 3rd day of February, 1922, said defendants were the owners of and in possession of one certain Chev-

rolet automobile truck, Model No. 490, of the reasonable value of $658.80, and on said day and date, said defendants entered into an agreement and contract with the plaintiff herein, by the terms of which said defendant sold and agreed to deliver unto plaintiff said automobile truck, in consideration of the payment of the sum of $658.80, payable as follows: $8.80 in cash money, and one certain Overland automobile valued by said defendants at $300.00, and the further sum of $350.00, to be paid in twelve equal monthly installments, and said automobile truck to be delivered to plaintiff upon delivery of said Overland automobile and the payment of said sum of $8.80, in money.

"That plaintiff, on said 3rd day of February, 1922, paid to said defendants, the sum of $8.80, a portion of said price of said Chevrolet automobile truck, and said defendants received said sum of $8.80, a part of the purchase money of said automobile truck; and plaintiff tendered and offered to deliver to defendants, said Overland automobile, and was and is now able, ready and willing to pay said installment payments, and in all things carry out the conditions of said contract on his part to be performed.

"That on the 6th day of February, 1922, made such tender and offer to deliver said automobile, and then and there made written demand, that said truck be delivered to plaintiff, but said defendants refused to deliver said truck, and shortly afterwards, within 30 days, subsequent to said 3rd day of February, 1922, as plaintiff is informed, and has good reason to believe and does believe, the defendants sold and parted with the possession of said automobile truck, and placed it beyond their power to deliver the same to plaintiff, to his damage in the sum of $658.80, the value of said automobile truck.

"That plaintiff purchased said automobile truck, for his own use, in his business, for hauling, and at the time of making said contract with the defendants so informed defendants of such fact, and that such an automobile truck, was necessary for use in the business of plaintiff; that the reasonable value of the use of said automobile truck, in plaintiff's business, is $2.00 per day, and by reason of the failure of defendants to deliver said automobile truck, to plaintiff, pursuant to the terms of their said agreement, plaintiff has been damaged in the sum of $2.00 per day, for

the time since said February 3d, 1922, or an aggregate sum of $400.00.

"That said defendants have not, nor has any person on their behalf, paid either said damage of $658.80, nor $400.00, nor any part thereof.

"Wherefore, plaintiff prays the judgment of the court, and the plaintiff recover of the defendants and each of them the sum of $1058.80, and costs of suit."

Defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action against defendants. The court made an order sustaining the demurrer, and it was further ordered that the plaintiff be and he was given ten days from the date of the order within which to amend his complaint. More than ten days thereafter having elapsed and plaintiff not having filed an amended complaint in the action, judgment was ordered that plaintiff take nothing by reason of his complaint and that defendants recover their costs. Plaintiff appeals from the judgment.

[1] In support of the judgment, one of the objections which is urged against the complaint is that the damages claimed therein are not such as are provided by the statutes covering a transaction of the nature outlined in the complaint; but the rule of law is that where the facts stated in the complaint show that the plaintiff is entitled to damages of some sort, it is not a fatal error that the pleader has mistaken the rule by which such damages should be determined.

In *Hudson* v. *Archer*, 4 S. D. 128 [55 N. W. 1099], which was an appeal from an order sustaining a demurrer to a complaint, the court said: "As we have seen, an erroneous claim for damages or demand for relief is not a ground of demurrer. If the rule by which the damages are to be estimated as stated in the complaint is incorrect or insufficient, the defect cannot be reached by a demurrer so long as the complaint states facts entitling the plaintiffs to recover any damages in the action." Regarding a like question in *Kraft* v. *Rice*, 45 App. Div. 596 [61 N. Y. Supp. 368], it is said: "We agree with the court below in the statement of the rule relating to the sufficiency of a pleading on contract, that, if it clearly sets forth a contract and its breach, even though the theory of damages predicated thereon may be erroneous, it would be a statement of a good

cause of action. . . . If, in addition to the contract, a breach was alleged, then the plaintiff would be entitled to at least nominal damages, and the complaint would not be demurrable." In *Colrick* v. *Swinburne*, 105 N. Y. 503 [12 N. E. 427], the opinion of the court contains the following: "It is not material that the plaintiff did not demand the precise damages to which he was entitled, or that he mistook the true rule of damages in his complaint. The complaint averred a legal wrong and a resulting pecuniary injury, and it was competent for the court, under the complaint, to adjust the recovery upon the true basis." And see the following cases: *International & G. N. R. Co.* v. *Gordon*, 72 Tex. 44 [11 S. W. 1033]; *Harmon* v. *Callahan* (Tex. Civ.), 35 S. W. 705. **[2]** That the jurisdiction of the court is determined by the amount for which judgment, in good faith, is demanded in the complaint is so well settled in this state that an enumeration of authorities on that question would not serve any useful purpose.

**[3]** For the reason that the alleged agreement was not in writing it is contended that there can be no recovery. The allegation of the complaint with reference thereto is that on a certain date "said defendants entered into an agreement and contract with the plaintiff herein," etc. The authorities of this state are numerous which hold that in an action on a contract required by the statute of frauds to be in writing, the presumption is that the contract is in writing, and there is no necessity for an allegation in the complaint to that effect. (*Alaska Salmon Co.* v. *Standard Box Co.*, 158 Cal. 567 [112 Pac. 454]; *Bradford Investment Co.* v. *Joost*, 117 Cal. 204 [48 Pac. 1083]; *Curtiss* v. *Aetna Life Ins. Co.*, 90 Cal. 245 [25 Am. St. Rep. 114, 27 Pac. 211]; *Barnard* v. *Lloyd*, 85 Cal. 131 [24 Pac. 658]; *McMenomy* v. *Talbot*, 84 Cal. 279 [23 Pac. 1099]; *Broder* v. *Conklin*, 77 Cal. 330 [19 Pac. 513]; *Nunez* v. *Morgan*, 77 Cal. 427 [19 Pac. 753].)

**[4]** Moreover, it is alleged in the complaint "that plaintiff, on said third day of February, 1922, paid to said defendants the sum of $8.80, a portion of said purchase price of said Chevrolet automobile truck, and said defendants received said sum of $8.80, a part of the purchase money of said automobile truck." It is a general rule that under an oral contract for the sale of personal property part payment

of the agreed purchase price will take the contract out of the statute of frauds. (Note to the case of *Driggs* v. *Bush* (Mich.), 125 Am. St. Rep. 395, where many cases are cited.) In addition thereto, we have positive declaration to like effect contained within our statute. Section 1624 of the Civil Code provides in substance that such an oral contract is invalid "unless the buyer . . . pays at the time some part of the purchase money." And section 1739 of the Civil Code contains the following: "No sale of personal property, or agreement to buy or sell it for a price of two hundred dollars or more, is valid, unless: . . . (3) The buyer, at the time of sale, pays a part of the price."

[5] Assuming the allegations of the complaint to be true, the transaction between the parties amounted to a sale by the defendants to the plaintiff, notwithstanding the fact that there was only a part payment in cash, coupled with an agreement to accept another automobile as additional payment, with the balance to be paid in installments. (*Lambert* v. *McCloud,* 63 Cal. 162, 164; *Cutting Fruit Packing Co.* v. *Canty,* 141 Cal. 692 [75 Pac. 564]; *Mansfield* v. *District Agr. Assn.,* 154 Cal. 145 [97 Pac. 150].)

Neither delivery to the plaintiff of the automobile in question nor full payment thereof was necessary to complete the sale as between the parties to the transaction. (Civ. Code, sec. 1721; *Johnson* v. *Dixon Farms Co.,* 29 Cal. App. 52 [155 Pac. 134, 136]; *Hamilton* v. *Klinke,* 42 Cal. App. 426 [183 Pac. 675]; *Young* v. *New Pedrara Onyx Co.,* 48 Cal. App. 1 [192 Pac. 55].)

It follows that the complaint states a cause of action.

Judgment reversed.

Conrey, P. J., and Curtis, J., concurred.