[Civ. No. 5701. First Appellate District, Division Two.—November 17, 1928.]

FILICE & PERRELLI CANNING COMPANY, INCOR-PORATED (a Corporation), Respondent, v. F. B. WALTON et al., Appellants.

Fitzgerald and Johnson for Appellants.

Crawford & O'Neill and Peter F. Morettini for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendants, the defendants appeared and answered, a trial was had before the court sitting without a jury, the trial court made findings in favor of the plaintiff, and from a judgment entered thereon the defendants have appealed.

The plaintiff's complaint was framed in two counts. In the first count it pleaded a breach of contract, alleging that the defendants had failed to deliver personal property theretofore sold to the plaintiff. In the second count it alleged that the defendants had converted the property. The defendants filed a demurrer "to plaintiff's complaint. . . . " The demurrer was overruled. It is now claimed that the order overruling the demurrer was erroneous. In this behalf the defendants assert that the second cause of action did not set forth facts sufficient and that the demurrer should have been sustained. It is sufficient to call attention to the fact that the defendants did not demur to the second count, but they demurred to the whole complaint. However, if we examine the second count, it is clear that it did state facts sufficient and if a demurrer had been directed against it that the demurrer should have been overruled.

The defendants complain because the trial court sustained plaintiff's objections to evidence offered by defendants at the trial. An examination of the record discloses that the point covers two rulings on the rejection of evidence and that the evidence offered was outside of the issues.

The defendants specify certain findings and assert that they are not supported by the evidence. In so specifying the findings we understand the defendants to be acting through an abundance of precaution and that their real objection is that they desire to clearly make the point that the title did not pass and that there was no sale, but that there was an executory agreement to sell. This point has been very fully briefed by the defendants and by the plaintiff. The evidence, both documentary and oral, is before us. A most

cursory examination discloses that on the eighth day of January, 1924, by an instrument in writing, Walton & Berry, as lessees, sold to the plaintiff the crop of tomatoes to be grown on 45 to 50 acres of land which was under lease to them and which is located about two miles east of Gilroy on the Hot Springs road and runs north from that road to Sixth Street. The contract was in writing and, among other things, contained a passage as follows: "This contract is intended and understood by both parties to pass title to said crops and to constitute an absolute sale. . . ." The contract also recites that Walton & Berry "has sold" and that Filice & Perrelli "has bought." Other passages are consonant with the contention that there was a sale as distinguished from an agreement to sell. No evidence, oral or documentary, was introduced at the trial tending to weaken this theory. There was evidence introduced that the defendants were lessees of the land described in the contract; that said land is also known as the Elizabeth Martin tract; that said tract contains 463 acres and that of that acreage 38 acres were planted to tomatoes in the season of 1924. These facts warranted the trial court in holding that the contract constituted a sale. (*Turner, Kuhn & Fraser, Inc.,* v. *Jones,* 61 Cal. App. 732, 734 [215 Pac. 1033]; *Jones* v. *California Growers & Shippers,* 182 Cal. 777 [190 Pac. 172].)

In their answer the defendants pleaded that they had rescinded their purported contract with the plaintiff and that such rescission was based on misrepresentations made by the plaintiff as to its financial ability. If, as claimed by the defendants, fraud was imposed on them by the plaintiff, they were not bound to rescind, but they were entitled to plead the fraud in defense of plaintiff's action on the purported contract. (*Field* v. *Austin,* 131 Cal. 379, 382 [63 Pac. 692].) On the trial the defendants offered in evidence a written notice of rescission. It was objected to by the plaintiff and the objection was sustained. Conceding, solely for the purposes of this case, that the ruling was erroneous, it was immaterial. The defendants did not introduce any evidence, nor attempt to introduce any evidence, nor offer any evidence, showing that any representation was made nor that the representation was false. The representations alleged to have been made and which are

pleaded by the defendants included two separate statements. The defendants assert that plaintiff represented that its "financial condition was better than it had been at any time during the previous three years; whereas, in fact and in truth," it was not. The other representation was that the plaintiff had made arrangements with those to whom it was indebted for crops purchased during 1923 by which it had paid the sellers a sum of money equal to one-half the indebtedness and the balance by the issuance of stock and notes of the plaintiff; whereas, in fact and in truth, a very small percentage of the indebtedness was paid in cash. The first representation was the expression of an opinion and not actionable. Both representations, whether true or false, were of such a nature as to place any ordinary man on inquiry as to the solvency or insolvency of the purchaser. The defendants took a chance and may not now complain.

The defendants assert that the trial court awarded damages at four dollars per ton and that the damages so awarded rested on the testimony of Mr. Filice, who gave evidence as to values in September, 1924, and of a different variety of tomatoes. There was testimony that in the neighborhood of Gilroy tomatoes are delivered in the month of September. The contract was executed January 8, 1924. The action was commenced September 16, 1924. The date on which the value was ascertained was not improper. (Civ. Code, sec. 3336.) The contract specifies "tomatoes" and does not mention any particular variety. Mr. Filice was examined and without objection was allowed to testify that the market value per ton in the locality of Gilroy for tomatoes of the kind grown by defendants was $19 to $19.50. He was not cross-examined on that subject. The trial court made no ruling on the kind of tomatoes to which the evidence was addressed and there is nothing to review.

The judgment is affirmed.

Nourse, J., and Buck (G. F.), P. J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 17, 1928, and a

petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 14, 1929.

All the Justices concurred.