## Williamson v. Martz

*Louis Cohen*, for plaintiff.

*Lark, Makowski & Marateck*, for defendant.

FORTNEY, P. J., December 17, 1956.—This matter is before the court on defendant's preliminary objections to an amended complaint in assumpsit.

The objections are in the nature of a demurrer and contend the complaint does not state a cause of action for the reason it alleges a contract unenforceable at law, because of its admitted noncompliance with the statute of frauds.

The allegations of the complaint and its amendment, which are material to a consideration of the objections, may be summarized as follows: On or about April 18, 1955, the parties verbally agreed that plain-

tiff would sell, and defendant would purchase, two 200-gallon vats. The purchase price was $1,600, of which sum defendant paid to plaintiff $100 on account. The balance of $1,500 was to be paid upon delivery of the vats. The place of delivery was plaintiff's place of business and the date of delivery was to be determined by the date plaintiff received replacement of the vats at his place of business. On or about July 29, 1955, plaintiff notified defendant that the vats were available and demanded payment of the balance of the purchase price. Defendant, on August 3, 1955, refused to accept delivery and to pay the balance of the purchase price. Plaintiff notified defendant that unless the balance of the purchase price was paid he would sell the vats. Defendant did not pay, plaintiff sold the vats for $800, and brought this action for damages for breach of contract.

The question presented by the preliminary objections is whether plaintiff, under the facts alleged in the complaint and its amendment, can recover from defendant on an oral contract for the purchase of certain equipment.

The Uniform Commercial Code of April 6, 1953, P. L. 3, sec. 2-201, 12A PS §2-201, is titled, "Formal Requirements—Statute of Frauds", and states: "(1) Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought. . . .".

Plaintiff admits the equipment in suit was of the value of more than $500 and that there was no writing to indicate that a contract for sale had been made between the parties. He, nevertheless, urges he is entitled to recover under one of the exceptions to the above

provisions of the Uniform Commercial Code. The exception relied upon states: "(3) A contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable . . . (c) with respect to goods for which payment has been made and accepted".

It would appear that to avoid the bar of the statute of frauds two elements are essential, namely, defendant must pay for the equipment and he must accept the equipment. Plaintiff avers in his complaint defendant refused to accept the equipment. This averment eliminates further discussion of this element. Did defendant pay for the equipment? Plaintiff contends the payment by defendant of $100 on account of the purchase price brings him within the exception above. We cannot agree with this contention. Under the law as it existed prior to the passage of the Uniform Commercial Code, namely, The Sales Act of May 19, 1915, P. L. 543, sec. 4, 69 PS §42, part payment took the whole contract outside the statute of frauds. This was because The Sales Act did not discriminate between divisible and indivisible contracts, or between those providing for bulk or installment deliveries, nor did it make any distinction regarding the character of the contract. It applied to any and every class of contracts: Jessup & Moore Paper Co. v. Bryant Paper Company, 283 Pa. 434.

The Uniform Commercial Code repealed The Sales Act of 1915. Under the code, part payment takes the case out of the statute only to the extent for which payment has been made. The code therefore makes an important change by denying the enforcement of the contract where in the case of a single object the payment made is less than the full amount. See comment (4) of Pennsylvania Bar Association Notes to section 2-201 of the Uniform Commercial Code, 12A PS §2-201.

We conclude the complaint and its amendment do not state a cause of action upon which relief can be granted.

Hence, the following:

### Order

And now, December 17, 1956, the demurrer is sustained, judgment is directed to be entered for defendant and against plaintiff on the pleadings.

Exception for plaintiff.