Bernard Tomson, J.
These cross motions for summary judgment raise, apparently for the first time in this State, the important question as to whether, under the Uniform Commercial Code, part payment exempts an indivisible contract from the operation of the Statute of Frauds. The issue seems to have been considered in only one reported case, Williamson v. Marts (11 Pa. D. & C. 2d 33 [1956]).
Plaintiff’s action is for breach of contract and arises out of the attempted purchase by him of a new automobile from the corporate defendant, a car dealer, through the individual defendant, the salesman involved in the transaction. The plaintiff alleges that he signed an order form for a new automobile which described the subject matter of the sale, the price, which was in excess of $500, and the identity of both buyer and seller. The form is not signed by the dealer and bears the following printed statement, ‘1 This order is not valid unless signed and accepted by the dealer.” Prefixing the line, above which the quoted statement appears, is the word “ Approved.”
*272 It further appears that the plaintiff made a $25 down payment to the dealer, which was accepted by the dealer and for which deposit a credit was noted on the form. The plaintiff asserts that on the day scheduled for delivery of the car he was informed by the dealer’s representative “ that some error had been made ” and that it would ¡be necessary for the plaintiff to pay an additional $175 over and above the price previously agreed upon in order to obtain delivery of the car.
The defendants urge that there was no contract between the parties and that the order form, unsigned as it is by the dealer, falls within the purview of section 2-201 of the Uniform Commercial Code as unenforcible since it was not signed by the party to be charged.
Section 2-201 of the Uniform Commercial Code provides in part as follows r
‘ ‘ § 2-201. Formal requirements; Statute of Frauds.
“ (1) Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. * * *
“ (3) A contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable * * *
“ (c) with respect to goods for which payment has been made and accepted or which have been received and accepted (Section 2-606).”
Had the present controversy arisen prior to the adoption of the Uniform 'Commercial Code, its resolution would not have presented any unusual difficulty, for at that time section 85 (subd. [3], par. [e]) of the Personal Property Law, since repealed, removed from the operation of the Statute of Frauds those transactions where part payment had been made. The law was settled on this point. (Thallon & Co. v. Edsil Trading Corp., 302 N. Y. 390.)
The code now excepts from the Statute of Frauds those transactions 11 with respect to goods for which payment has been made and accepted”. Noticeably lacking is the provision excepting transactions where part payment has been made. (See 29 Albany L.Rev. 240; 27 Univ. of Pittsburgh L.Rev. 333; 17 Rutgers L.Rev. 22, 23.)
In Williamson (supra, p. 35) the court, interpreting the language just quoted, stated: 1 ‘ Under the law as it existed prior *273 to the passage of the Uniform Commercial Code, namely, the Sales Act of May 19, 1915, P.L. 543, sec. 4, 69 PS § 42, part payment took the whole contract outside the statute of frauds. This was because the Sales Act did not discriminate between divisible and indivisible contracts, or between those providing for bulk or installment deliveries, nor did it make any distinction regarding the character of the contract. It applied to any and every class of contracts: Jessup & Moore Paper Co. v. Bryant Paper Company, 283 Pa. 434.
“ The Uniform Commercial Code repealed the Sales Act of 1915. Under the code, part payment takes the ease out of the statute only to the extent for which payment has been made. The code therefore makes an important change by denying the enforcement of the contract where in the case of a single object the payment made is less than the full amount. See comment (4) of Pennsylvania Bar Association Notes to section 2-201 of the Uniform Commercial Code, 12A PS § 2-201.”
The Williamson case is discussed in Hawkland, A Transactional Guide To The Uniform Commercial Code (§ 1.1202, pp. 28-29) as follows:
‘ ‘ By failing to distinguish part payment from partial acceptance and receipt, the section does create one problem, neatly illustrated by Williamson v. Marts. Here S orally agreed to sell to B two vats for a total price of $1600, B paying $100 on account. Subsequently B refused to take the vats, and S sued for breach of contract. B set up section 2-201 of the Code as his defense, and S countered that the partial payment took the matter out of the Statute of Frauds. The court held for B. Subsection 2-201(3) (c) removes the 'Statute of Frauds only to the extent of payment. Since the payment of $100 cannot be translated into one vat (worth $800), S cannot enforce the contract to the extent of one vat. There being no way to divide up a vat, S is barred completely by the Statute.
“ Though this ease seems to follow the plain meaning of subsection 2-201(3)(c), the result appears to be excessively restrictive. The payment of $100 indicates a contract whose quantity term must be at least one unit. The court, therefore, could safely enforce the agreement to the extent of one vat, and, thus, give the S a recovery of $800. The payment of $100, of course, does not necessarily prove a contract for two vats, and the court would not be justified in enforcing the contract for such an amount. But it is difficult to see how the contract could have contemplated less than one vat, assuming, as the court did, that vats are indivisible.”
*274 In apparent agreement is a footnote in the Cumulative Supplement to Anderson’s Uniform Commercial Code, (§ 2-201: 22) where it is stated: 11 Part payment will take a contract out of the statute. Security Nat. Bank v. General Motors Corp. 345 Mass 434, 187 N.E. 2d 820 (dictum).”
A close reading of the case cited fails to indicate that it supports the conclusion drawn by the author. However, the statement by Anderson would indicate that the Williamson case did not finally resolve the issue. The language of section 2-201 (subd. [3], par. [c]) does not require the Williamson result. Even if paragraph (c) validates, as the writers seem unanimously to agree, a divisible contract only for as much of the goods as have been paid for, it does not necessarily follow that such a rule invalidates an indivisible oral contract where some payment has been made and accepted. To paraphrase Hawk-land— It is difficult (here) to see how the contract could have contemplated less than one (automobile), assuming, as the court did, that (automobiles) are indivisible. Any other conclusion would work an unconscionable result and would encourage rather than discourage fraud if the facts as pleaded (known as ‘ ‘ low balling ” in the trade) were proven at a trial. The Statute of Frauds would be used to cut down the trusting buyer rather than to protect the one who, having made his bargain, parted with a portion of the purchase price as an earnest of his good faith. Certainly here the $25 deposit was not intended as a purchase of a portion of the automobile. It was intended as payment towards the purchase of the entire article if the facts alleged in the complaint are proven at the trial.
The motion and cross motion are each denied. There are issues of fact which must await resolution at a plenary trial.
Order signed.