[Civ. No. 38371. Second Dist., Div. Four. July 21, 1971.]

VICTORIA LOCKWOOD, Plaintiff and Appellant, v.
BOB SMIGEL, Defendant and Respondent.

**COUNSEL**

Martin S. Friedlander for Plaintiff and Appellant.

Pastor & Zipser and Stanley Zipser for Defendant and Respondent.

**OPINION**

**FILES, P. J.**—This appeal from a municipal court judgment has been transferred here upon certification by the appellate department of the superior court under rule 63, California Rules of Court, to settle a new and important question of law. The question presented is whether under Commercial Code section 2201, subdivision (3)(c), an oral contract for the sale of an automobile is made enforceable by reason of a part payment.

The action was brought by the buyer against the seller, demanding damages for breach of the oral contract. The complaint alleges that defendant, the owner of a 1967 "Silver Shadow" Rolls Royce, orally offered to sell the vehicle to plaintiff for $11,400, of which $100 was to be paid upon acceptance of the offer and the balance on delivery; that plaintiff accepted the offer and paid defendant $100; that defendant thereafter failed to deliver the vehicle, and notified plaintiff he had sold it to someone else. A demurrer to the complaint was sustained without leave to amend[1] and judgment entered for defendant, from which this appeal was taken.

The oral contract, as pleaded, would have been enforceable under the law which existed prior to the adoption of the Commercial Code, effective January 1, 1965. (See *Warfield* v. *Basso* (1923) 62 Cal.App. 47, 51 [216 P. 48].) Under former Civil Code section 1624a, as under the English statute of frauds, an oral contract for the sale of goods was enforceable if the buyer gave part payment.

Civil Code section 1624a has been superseded in California by Commercial Code section 2201[2] which provides: "(1) Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing.

". . . . . . . . . . . . . . . . . .

"(3) A contract which does not satisfy the requirements of subdivision (1) but which is valid in other respects is enforceable. . . .

(c) With respect to goods for which payment has been made and accepted or which have been received and accepted (Section 2606)."

In place of the former rule that after part payment the contract is enforceable, we now have the rule that the contract is enforceable "With respect to goods for which payment has been made." The official comments on the Uniform Commercial Code point out that where the goods

---

[1]The complaint states a cause of action for a return of the $100, but this claim was apparently abandoned by plaintiff in asking the trial court either to enforce the contract or sustain the demurrer without leave to amend.

[2]Derived from section 2-201 of the Uniform Commercial Code.

are apportionable, the contract is enforceable only as to the portion for which payment has been made.[3]

The text of the section is ambiguous as applied to a part payment upon an indivisible unit, as Professor Williston pointed out in his criticism of the Uniform Code. (See Williston, *The Law of Sales in the Proposed Commercial Code* (1950) 63 Harv.L.Rev. 561, 575.)

So far as we have been able to discover, the precise issue has not been passed upon by any appellate court.[4] Absent judicial precedent we look to the purposes of the statute for guidance as to its proper application.

"The purpose of the statute of frauds is to prevent the enforcement of alleged promises that never were made; it is not, and never has been, to justify contractors in repudiating promises that were in fact made." (Corbin, *The Uniform Commercial Code—Sales; Should it be enacted?* (1950) 59 Yale L.J. 821, 829.) Professor Corbin notes that under the new code the kind of writing which would serve is much more limited than has been held in some of the cases under the old statutes.

The official comments also call attention to the liberalization which would make valid some memoranda which did not qualify under the old law. "Only three definite and invariable requirements as to the memorandum are made by this subsection. First, it must evidence a contract for the sale of goods; second, it must be 'signed,' a word which includes any authentication which identifies the party to be charged; and third, it must specify a quantity."[5]

The new requirement that part payment validates the contract only with respect to goods for which payment has been made is an ex-

---

[3] " 'Partial performance' as a substitute for the required memorandum can validate the contract only for the goods which have been accepted or for which payment has been made and accepted.

". . . If the court can make a just apportionment, therefore, the agreed price of any goods actually delivered can be recovered without a writing or, if the price has been paid, the seller can be forced to deliver an apportionable part of the goods."

(Official Code Comments prepared by The American Law Institute and National Conference of Commissioners on Uniform State Laws, published in West's Cal. Codes Ann., following Com. Code, § 2201, and Deering's Cal. Codes Ann., following Uniform Com. Code, § 2201.)

[4] Two trial court opinions are in the reports. *Williamson* v. *Martz* (1956) 11 Pa.D. & C.2d 33 holds that part payment for less than one unit will not support enforcement as to even one unit. *Starr* v. *Freeport Dodge Inc.* (1967) 54 Misc.2d 271 [282 N.Y.S.2d 58] rejected the reasoning of the *Williamson* case and held that a part payment of the price of an automobile made the sale agreement enforceable.

[5] *Op. cit. supra,* footnote 3. See also California Comments printed in the West and Deering Codes Ann. following section 2201.

ception to the policy of liberalization This exception reflects a purpose to avoid disputes over quantity.[6]

■ The policies of the law are well served by enforcement of the contract which is alleged in this case. Where there is a part payment instead of a memorandum, this fact evidences the existence of a contract and identifies the party to be charged—i.e., the seller who received the money. Where the buyer is claiming to have purchased no more than one unit, there can be no dispute over quantity. The possibility that other terms of the bargain may be disputed is not a ground for nonenforcement, since a memorandum which satisfies the statute need not state all of the terms fully or accurately. The statutory policy which under the old law permitted the enforcement of oral contracts upon proof of part payment is equally sound under the new code, as applied to the sale of an indivisible unit.

The judgment is reversed with directions to overrule the demurrer.

Jefferson, J., and Dunn, J., concurred.

---

[6]See 1 Hawkland, A Transactional Guide to the Uniform Commercial Code (1964) pages 27-29; 1 Cal. Commercial Law (Cont. Ed. Bar 1966) page 324.