## THE PEOPLE v. McDERMOTT.

Where a defendant executed his promissory note, and the holder thereof brought suit upon it, and set it out in his complaint, and the defendant, in his answer, which is sworn to, says: "That the note set out in the complaint was not his note; that he admitted that about the date of the note sued on he made a note for the same amount to the plaintiff, but that note the defendant was confident, and so charged the truth to be, was not for '*value received*,'" and so the defendant denied the note set out in the complaint of the plaintiff: *Held*, not to be perjury.

The legal effect of a promissory note is the same, with or without the words "*value received*."

A conviction for perjury cannot be sustained without the false oath be material to the issue, and, therefore, prejudicial to some one, otherwise, however willful, it cannot be perjury.

APPEAL from the Court of Sessions of San Joaquin County.

This was an indictment and conviction for the crime of perjury. The defendant executed his promissory note to one Michael O'Hear for five hundred dollars, upon which suit was brought in the Fifth District Court, and a copy of the note was set out in the complaint. In his answer, which was verified, the defendant stated that the note set out in the complaint was not his note—that the defendant admitted that about the date of the note sued on, he made a note for five hundred dollars to the plaintiff, but that note the defendant was confident, and so charged the truth to be, was not "for value received," and so the defendant denied the note set out in the complaint of the plaintiff. The defendant demurred to the indictment, which was overruled by the Court, a trial and conviction had, and defendant appealed to this Court.

*Baine & Bouldin* for Appellant.

In analyzing the answer of the defendant, on which the charge of perjury is founded by the indictment in this case, we must distinguish between the facts stated by the defendant in the answer, and the logical conclusions which he deduces from the facts.

And it is wholly immaterial in what part of his answer he places his conclusions. He may place them first or last, or both first and last. What we have to do is accurately to discriminate between fact and conclusion. If we do so, we shall find that the only fact stated by the defendant, in his answer, on which the perjury is assigned, is the averment that he was " confident that the words ' value received ' were not in the note when he made it."

Keeping this preliminary observation in view throughout the entire discussion, as well of the sufficiency of the indictment as

the other points, we now proceed to the demurrer interposed to the indictment in this case.

The demurrer to the indictment ought to have been sustained, and the Court erred in not sustaining it.

The indictment is founded on the oath of the defendant, taken in his answer to a suit against him (by O'Hear) on a promissory note. And the only fact sworn to in the answer, upon which the perjury is assigned, is the assertion of the said defendant that " he was confident the words ' value received,' were not in the note (on which he was sued) when he made it."

Now, in testing the indictment, we must discriminate between the fact, in the answer on which the perjury is assigned, and the logic of the indictment. The fact asserted by the defendant was that " he was confident that the words ' value received' were not in the note when he made it." The indictment's logic is, that these words were material in the note; and that if willfully false, it was perjury to make the statement.

There can be no doubt but the fact affirmed or denied must be material. 4 Blackstone, (side,) 137; Wharton's Crim. Law, 655–6; Roscoe's Crim. Ev., 819; Archbold's Crim. Pl., 674; 1 Term R., 69.

If the issue itself be immaterial, then it is not perjury. Wharton's Crim. Law, 656; Roscoe's Crim. Ev., 817; Archbold's Crim. Pl., 674; 1 Smedes & Marshall's R., 149; 4 Blackstone, (side,) 137–8; 5 U. S. Dig., p. 519, § 41.

The words " confidently believes," present an immaterial issue. 1 Cal. R., 361.

On a question of perjury, the materiality of the facts is a question of law. Wharton's Crim. Law, 656; 5 U. S. Dig., p. 519, §§ 3, 4.

Then, what was the issue, in the case of O'Hear v. McDermott, between the parties? Simply the fact whether the words " value received " were in the note on which the defendant was sued.

The question, then, recurs, were these words material in the note? or, are they material, in any case, to the validity of a note?

They are words the law always implies, and hence not material. 1 Greenleaf's Ev., § 567.

Every book upon the subject of promissory notes, says they are not material. 2 Blackstone, (side,) 445–6; 3 Kent, (side,) 78; Chitty, Jr., on Bills, 22; refering to page nine, and with part of a bill. Story on Pro. Notes, § (entire) 51; Bailey on Bills, 40; ib., same page, note 83—see this last note 83, especially.

" Value received " need not be stated in pleading. Bailey on Bills, 390; Byles on Bills, No. 48 Law Library, (side,) 47; Chitty, Sr., large work, (side,) 69; ib., (side,) 160.

Upon these, containing the unbroken current of the law, from

the earliest times, we confidently expect this Court will reverse the judgment below overruling the demurrer.

*W. T. Wallace, Attorney-General,* for Respondent.

I admit, that the fact sworn to must be material in the cause, otherwise perjury can not be predicated on the oath; but I submit, that the fact as to whether it was McDermott's note was sued upon was a most material fact, and that McDermott swore most positively that it was not; so that there can not be a doubt as to the materiality of the fact which he swore to. Even if the words "confidently believe," do present an immaterial issue, the words "the note which is set out in the complaint is not his note," present a very material issue. The word "belief," too, is now considered an absolute term, contrary to the old doctrine that it was necessary to swear absolutely and directly. Wheeler's Amer. Com. Law, vol. 7, p. 306, note.

The attorney who drew this plea, and tried it in the District Court as presenting a material issue, and who now contends that the plea amounted to nothing, was offered as a witness to prove that the prisoner only meant to swear that the note did not contain the words "value received;" this evidence the Court very properly rejected—the affidavit alone, would show what the prisoner did swear to, in point of fact—it would be dangerous in the extreme, to allow a party to adduce evidence, (not to show that there was a mistake in writing the affidavit, or that a fraud was practiced upon him,) but to show that although he signed the affidavit, and swore untruly to a certain statement contained therein, yet that the meaning and effect of his oath was, in point of fact, different in his intention from what the law most conclusively affixes to it—for instance—he swears that it is "not his note;" now the legal effect of that is, that he swears that he never entered into such a contract as that sued on—that he really did not sign the note—or that it has been altered to his injury in some material particular.

"It will be dangerous, if they are to escape punishment who rashly and obstinately persist in a false oath, in a matter of which they will not take pains to inform themselves. Com. v. Cornish, 6 Binn. Penn. Rep., pp. 2, 9; cited in Wheeler's Amer. Com. Law, vol. 7, pp. 300, 301.

BURNETT, J., after stating the facts, delivered the opinion of the Court—FIELD, J., concurring.

The only question necessary to be determined is, whether the oath taken by defendant was material to the issue. The rule is well established, that the false oath must be material to the issue, and, therefore, prejudicial to some one, otherwise, however willful, it cannot be perjury.

Taking the whole of the answer of defendant together, it

is plain that he predicated his denial that the note set out in the complaint was not his note, upon the ground, that the note given by him did not contain the words "for value received." Had the defendant simply stated, that the note sued on was not his note, it would have presented a very different case. But, after stating that it was not his note, he gives the reason, and then draws his conclusion. The alleged reason given, if true, would not change the legal effect of the note. Conceding that the words "for value received," were not in the note executed by defendant, still the instrument would have had the same legal effect. Story on Prom. Notes, § 51; 3 Kent, 78; Chitty on Bills, 68, 69.

The demurrer should have been sustained.

Judgment reversed, and the defendant discharged.