# A. ST. CLAIR DENVER *v.* C. H. BURTON, JOHN E. P. SPILLMAN, JEFFERSON WILCOXSON, JACKSON WILCOXSON, REDDINGTON & WILLIAMS, JOHN BURTON, AND ED. McCARTY.

AVERMENT OF FACT IN PLEADING.—It is not sufficient to state a material fact in a complaint by way of recital ; it should be directly averred.

SAME.—A judgment creditor, made such by confession of judgment, who seeks to reach money of the judgment debtor in the hands of junior judgment creditors, upon the ground that he has a prior lien on the same, must aver in his complaint that at the time his judgment was rendered, the amount for which it was rendered was unpaid and due.

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

The complaint averred that John Burton and Ed. McCarty, who were engaged in the mercantile business in Sacramento, on the 2d day of October, 1861, confessed two judgments, one in favor of C. H. Burton, a brother of John Burton, for twenty-four thousand dollars, and the other in favor of E. P. Spillman, for about tén thousand dollars, and that executions were issued on the judgment and immediately levied on the goods of Burton & McCarty, and that later in the same day, Burton & McCarty confessed a judgment in favor of plaintiff for the sum of one thousand eight hundred dollars, and that an execution was issued and levied on the same goods, and that Jefferson Wilcoxson and Jackson Wilcoxson, later in the same day, levied on the same goods, and also obtained judgment against Burton & McCarty, and that the judgments in favor of C. H. Burton and E. P. Spillman were fraudulent. That the goods levied on had been sold by the Sheriff for six thousand dollars, by consent of parties litigant in the case of *Wilcoxson* v. *Burton*, 27 Cal. 228, and the money deposited in Court and paid over to the County Treasurer, and that the Wilcoxsons had obtained the money. That plaintiff had a lien on the money, prior to the Wilcoxsons. Plaintiff prayed that the Wilcoxsons might be adjudged to hold the money in trust for

him, or sufficient thereof to satisfy his judgment, and for judgment against them for that amount.

The averments as to the confession and entry of plaintiff's judgment, were in the following language:

" Plaintiff further shows that the said defendants, Burton & McCarty, on the 2d day of October aforesaid, in the District Court of the Sixth Judicial District, Sacramento County, upon request of plaintiff, confessed judgment in favor of plaintiff for the amount then due on said due bill, to wit: one thousand eight hundred dollars; and that judgment was thereupon regularly entered in said Court on said day for said amount, in favor of plaintiffs, and against said Burton & McCarty."

Defendants Wilcoxson demurred to the complaint. Judgment was rendered in favor of the defendants, and plaintiff appealed.

*Coffroth & Spaulding*, for Appellant.

*H. H. Hartley*, for Respondents.

By the Court, SAWYER, J.

There is no direct allegation in the complaint that, at the time judgment by confession was entered against Burton & McCarty in favor of the plaintiff, the money for which judgment was confessed was unpaid or then due. It was assumed, but not averred, that the money was due, and on that assumption the amount stated. This mode of statement is insufficient. (*Halleck* v. *Mixer*, 16 Cal. 577.) In an action to secure a priority of lien over Wilcoxson, who subsequently obtained the proceeds of sale of defendants' property under his own judgment, such an allegation is, in our opinion, material. For this defect the complaint does not state facts sufficient to constitute a cause of action, and the demurrer was properly sustained.

Judgment affirmed.

SHAFTER, J., concurring specially.

I concur. Admitting for the purposes of argument that there is a sufficient averment that the eighteen hundred dollars " was due on the 2d of October, 1861," still it is not alleged that it remained due at the point of time when, on the same day, the confession was filed. The law does not generally take notice of the fractions of a day, but in a case like the present it should appear by some form of direct statement that at the very instant when the judgment was confessed the relation of creditor and debtor was on foot and to the extent stated in the judgment.