[Department One. — August 28, 1883.]

THE PEOPLE, RESPONDENT, *v.* GIUSEPPE PERAZZO, APPELLANT.

CRIMINAL LAW — PERJURY — IMMATERIAL TESTIMONY. — The defendant was charged with perjury in having sworn falsely in an action of claim and delivery wherein the plaintiff deraigned title through a sale under an execution following a judgment rendered in an action by the defendant Perazzo against M. Grossini and John Tiscornia, upon a promissory note for four thousand dollars, instituted in August, 1880. The defendant in the claim and delivery action sought to avoid the judgment and sale by showing that the note was simulated and made to defraud creditors, and with respect to this Perazzo testified that he had loaned to Grossini and Tiscornia three thousand dollars during the month of September, 1880. The information alleged that Perazzo swore falsely in so testifying. *Held*, that the testimony assigned as false was not material to any issue involved in the claim and delivery action, and could not amount to perjury.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, from an order refusing a new trial, and from an order denying a motion in arrest of judgment.

The facts are stated in the opinion of the court.

*Attorney-General Marshall,* and *W. H. Payson,* for Respondent.

*Chas. B. Darwin,* and *L. Quint,* for Appellant.

Ross, J.—The allegations in the information upon which the defendant was convicted are that on the trial of a certain action entitled *Sherwood and Meyers* v. *Desmond,* it became and was material to its determination to know whether the defendant Perazzo had, on or about the 9th day of September, 1880, or at any other time, loaned to M. Grossini and John Tiscornia, the sum of three thousand dollars in United States gold coin, and that Perazzo on said trial testified that he did, on or about the 9th day of September, 1880, loan to the said Grossini and Tiscornia the sum of three thousand dollars in such coin, whereas in truth and in fact he did not, on or about the 9th day of September, 1880, or at any other time, make such loan or any other loan of money to the said Grossini and Tiscornia.

It is plain that the negation of the pleader cannot add to the testimony assigned as false, which is that defendant swore falsely in testifying that he loaned to Grossini and Tiscornia three thousand dollars in United States gold coin, on or about the 9th day of September, 1880. If such testimony could not have been material to any issue involved in the action entitled *Sherwood and Meyers* v. *Desmond,* its falsity could not amount to perjury in law, because to constitute perjury the false testimony must be upon a matter material to the issue involved in the inquiry. *Sherwood and Meyers* v. *Desmond* was an action of claim and delivery brought for the recovery of certain articles of personal property. Upon the trial of that action the plaintiffs deraigned title through a sale under execution based on a judgment rendered in an action entitled *Perazzo* v. *Grossini and Tiscornia,* which last-named action was commenced in August, 1880, and was brought upon a promissory note for four thousand dollars, alleged to have been executed to Perazzo by Grossini and Tis-

cornia. The defendant to the suit of *Sherwood and Meyers* v. *Desmond* sought to avoid the judgment in *Perazzo* v. *Grossini and Tiscornia* and the sale made thereunder, by showing that that action was founded upon a simulated note executed for the purpose of withdrawing the property of the makers from the reach of their creditors by means of the judgment and execution sale. From this statement it will be seen that in no aspect of the case of *Sherwood and Meyers* v. *Desmond* could it have been material to inquire whether Perazzo did or did not loan to Grossini and Tiscornia the sum of three thousand dollars, at any time during the month of September, 1880, because the making or non-making of such a loan could not have affected to any extent the action of *Perazzo* v. *Grossini and Tiscornia*, the complaint in which, as has already been said, was filed in August, 1880, and was based on an alleged cause of action theretofore arising. As, therefore, the false swearing charged in the information was not material to any issue involved in the action on the trial of which it is alleged to have been committed, it could not amount to perjury, and the judgment of conviction cannot be permitted to stand. Nothing is better settled or more rational than that an indictment for one crime cannot be supported by proof of another—the crime charged must be proven. A case somewhat similar to the present one will be found reported in 9 Gray's Reports, p. 119, entitled *Commonwealth* v. *Monahan.*

Judgment and order reversed, and cause remanded for a new trial.

McKinstry, J., and McKee, J., concurred.