[Crim. No. 440. Department Two.—January 19, 1899.]

THE PEOPLE, Appellant, v. R. A. JONES, Respondent.

CRIMINAL LAW—PERJURY—AGENCY—PLEADING—RECITAL.—An indictment for perjury alleged to have been committed in a verified answer averring that in a negotiation for a sale of land between the plaintiff and third parties, he did not act as agent for such third parties or either of them, which shows that no material issue was tendered by the complaint as to such agency, there being no direct allegation, but only a recital of agency in the complaint, or in the indictment, which recited the allegations of the complaint, is insufficient.

ID.—LACK OF POSITIVE AVERMENTS NOT SUPPLIED BY INTENDMENT.—It is a rule of pleading, both in civil and criminal actions, that the lack of direct and positive averments of a fact cannot be supplied by intendment or implication, and where the fact is stated only argumentatively, or by way of recital or inference, it is insufficient.

ID.—ACTION TO ENFORCE TRUST—IMMATERIAL ANSWER AS TO AGENCY.—In an action to enforce a trust in lands which were conveyed to the defendant by a vendor without consideration as trustee for certain vendees, where the trust was not denied by the defendant, an answer denying that he acted as agent for the vendees, and alleging that he acted as the factor or mediator of both parties, and brought the parties together and let them do their own trading, does not state facts as to the agency which are material to his liability as trustee, or upon which perjury can be assigned.

ID.—FALSE OATH, WHEN NOT PERJURY.—The false oath must be material to the issue, and therefore prejudicial to some one, otherwise, however willful, it cannot be perjury.

APPEAL from a judgment of the Superior Court of San Diego County, Department One.

The facts are stated in the opinion of the court.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson, Deputy Attorney General, for Appellant.

McDonald & McDonald, and L. A. Wright, for Respondent.

CHIPMAN, C.—Indictment for perjury, to which a demurrer was sustained. Plaintiff appeals. It was averred in the indictment that a verified complaint was filed in the superior court of San Diego county wherein one John Long was plaintiff and R. A. Jones, the defendant here, was defendant; Long sought judgment that Jones held the legal title to certain lots in trust for Long and to compel conveyance thereof.

It was alleged in the indictment, as in Long's duly verified complaint in his suit against Jones, that one Kampling and wife conveyed certain lots to Long "pursuant to a sale of the said premises from said" Kampling and wife, "as vendors, to said John Long, as vendee, negotiated by the defendant, R. A. Jones, acting as the agent of said Kampling and wife; that in consideration of part of the purchase price of said property so sold by said Kampling and wife, through said R. A. Jones, as their agent, to said John Long . . . . the said Long conveyed to said R. A. Jones" certain lots, which Long was induced to do "upon the representation that he, the said Jones, would hold the same in trust" for said Kampling and wife, "and would convey the same to said Mrs. Kampling." It was alleged also that Kampling and wife were ignorant of the fact that Jones had procured said conveyance to be made to him by Long in part consideration of the selling price of the property conveyed by Kampling and wife to Long; that Jones paid no consideration for the lots deeded to him by Long, and concealed from Kampling and wife that he had acquired this property from Long; that Kampling and wife had conveyed to Long all their interest in the property conveyed to Jones by Long, and that the latter is now the owner thereof. The perjury complained of is in the verified answer filed by Jones to Long's complaint, in which the indictment charges that Jones deposed as follows: "That he, the said defendant R. A. Jones, did not in the property trade between B. Kampling and Emma Kampling and the plaintiff, the said John Long, . . . . act as

agent for said B. Kampling and Emma Kampling, or either of them. That in and about the exchange of the properties . . . . he, the said defendant, acted as the factor or intermediator of both parties—that is to say, he brought the parties together and let them do their own trading." Allegations follow that the action was tried on the issues formed by said complaint and answer, that defendant knew that said matter above set forth as in the answer was false "and was matter material to the issue in said cause," et cetera.

Respondent contends that, if the matter specifically set forth in the indictment as constituting the alleged perjury could in any event have been material, it affirmatively appears upon the face of the indictment that in the complaint in the case of *Long v. Jones* there was no direct allegation that Jones was the agent, or acted as the agent, of the Kamplings, but such agency is alleged by way of recital only, if alleged at all. If it was material to Long's complaint that he should clearly allege that Jones was the agent of the Kamplings, and as such agent negotiated the transfer alleged, the complaint, so far as set out in the indictment, failed to do so, and of course the indictment, which recites the allegations of the complaint, also failed in that particular. There was, therefore, no material issue tendered as to Jones' agency. Direct and positive averments of the fact cannot be supplied by any intendment or implication, and where stated argumentatively or by way of recital or inference it is insufficient. (*People v. Dunlap*, 113 Cal. 72.) This rule applies even to civil actions. (*Denver v. Burton*, 28 Cal. 549; *Stringer v. Davis*, 30 Cal. 318.) But, aside from this view of the matter, we cannot regard the answer of defendant as constituting perjury. He averred that he did not act as agent of the Kamplings in the property trade referred to, but that he "acted as the factor or intermediator of both parties—that is to say, he brought the parties together and let them do their own trading." It seems to us that defendant should have been permitted to make such an answer without subjecting himself to the charge of perjury. Whether he was acting as "agent" or "intermediator" does not seem to be material to his liability as a trustee, because it was alleged that he took the title and agreed to hold the property "in trust for said Kampling and wife, and would convey the same

to said Mrs. Emma Kampling," which does not appear to have been denied by defendant. He was equally liable as trustee whether he acted as agent, factor, or mediator under the allegations of the complaint, for he was charged with having received the title without consideration and as trustee. The false oath must be material to the issue and therefore prejudicial to some one, otherwise, however willful, it cannot be perjury. (*People v. McDermott*, 8 Cal. 288.) In the case just cited, the defendant denied by verified answer the note sued upon because, as he alleged, "he was confident that the words 'value received' were not in the note when he made it." The court held that the answer showed that the denial was made upon the ground that the words "value received" were not in the note he had signed. It was said that a very different question would have been presented if he had simply denied that the note was his. But he gave the reason for his denial, which, if true, did not change the effect of the instrument; it was immaterial, and therefore did not prejudice the plaintiff. So here the denial of the agency and admitting that he acted as factor or mediator did not place Long in a worse nor Jones in any better position. "An agent is one who represents another, called the principal, in dealings with third persons." (Civ. Code, sec. 2295.) Section 2297 declares that "an agent for a particular act or transaction is called a special agent." It seems to us that defendant might deny that he was the "agent" and allege the exact relation in which he acted, because the allegation presented a question of mixed law and fact as to the kind of agency alleged, as well also whether there was any agency at all.

The judgment should be affirmed.

Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          McFarland, J., Temple, J., Henshaw, J.