[No. 15610. Department One. February 19, 1920.]

## D. L. GETCHELL *et al.*, *as Getchell Mill Company, Respondents,* v. NORTHERN PACIFIC RAILWAY COMPANY, *Appellant.*[1]

CARRIERS (14-14-2) — BILL OF LADING — NEGOTIABILITY — EXISTING EQUITIES UNDER FEDERAL ACT. Upon an interstate shipment, under 8 U. S. Comp. St. (1916) § 8604o, providing that a straight bill of lading cannot be negotiated free from existing equities and that its indorsement gives the transferee no additional rights, title does not pass to an assignee of a nonnegotiable bill of lading naming the purchaser as consignee, where the consignee's title failed on a cash sale when his check was returned not paid for want of funds, and the consignor claimed the shipment and demanded possession before delivery of the goods.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered May 8, 1919, upon findings in favor of the plaintiffs, in an action to recover the value of shingles delivered by a carrier to the consignee after demand by the consignor. Affirmed.

*C. H. Winders* and *Kerr & McCord* (*Wm. Z. Kerr,* of counsel), for appellant.

*Weter & Roberts,* for respondents.

PARKER, J.—This is a companion case to *Quality Shingle Co. v. Old Oregon Lumber & Shingle Co., ante* p. 60, 187 Pac. 705, and was argued in this court at

[1]Reported in 187 Pac. 707.

the same time. The law upon which our decision in that case was rested we think is controlling in favor of respondents, Getchell Mill Company, in this case, though this is an action against the railway company seeking recovery of the value of shingles shipped under a straight, nonnegotiable bill of lading, which shingles the railway company delivered to an assignee of the consignee after demand made upon it by respondents that the shingles be delivered to them and not to the consignee nor any one else.

Respondents' right to the shingles at the time of making demand therefor from the railway company rests upon their agreement for a cash sale of the shingles to Shepard-Traill Company, the giving of a check in payment therefor to respondents by the Shepard-Traill Company as a cash payment, and refusal to pay the check for want of funds by the bank upon which it was drawn, upon prompt presentation to that bank in due course, as occurred in the *Quality Shingle Company* case just decided by us.

While this is an action against the railway company, the question of its liability to respondents we think is determined by the determination of the respondents' superior right to the shingles at the time demand therefor was made upon the railway company by them, the shingles being placed in the possession of the railway company by them for shipment under a straight nonnegotiable bill of lading. The bill of lading was for an interstate shipment and issued by the railway company to respondents, naming respondents as consignor, and Shepard-Traill Company as consignee, and was thereupon delivered by respondents to Shepard-Traill Company in pursuance of an agreement between them for a cash sale of the shingles, when the check was given by Shepard-Traill Company to respondents as a cash payment for the shingles, which check was thereafter

dishonored and respondent sought to protect itself by demanding the shingles from the railway company, as above noticed. The railway company refused their demand, and delivered the shingles to an assignee of the Shepard-Traill Company.

The only fact appearing in this case, as we view it, which could possibly affect respondents' rights in this case different from the facts affecting the respondents' rights in the *Quality Shingle Company* case, is that the bill of lading here involved named respondents as consignors and Shepard-Traill Company as consignee, instead of naming respondents as both consignors and consignee, as in that case. We think, however, in view of the nonnegotiability of a straight bill of lading under the Federal Act, Vol. 8, U. S. Compiled Statutes, 1916, §§ 8604aaaa, 8604b and 8604o, that respondents' causing the naming of Shepard-Traill Company as consignee in the bill of lading did not give to that company any better title to the shingles than an assignment of the bill of lading to that company, had respondents been named therein as both consignors and consignees. In other words, a straight bill of lading, whether naming another than the consignor as consignee or naming the same person as both consignor and consignee and thereafter assigned to another, is not evidence of superior title in any one other than the consignor, to the property therein specified. The railway company having notice of the rights of respondents as consignors before delivering the shingles to the consignee at the place to which the shingles were agreed by the railway company to be carried, it became liable in damages to respondents, measured by the value of the shingles, resulting from the delivery of them to another. The argument of counsel for respondent in both of these cases seems to proceed upon the theory that the rights of the respective respondents therein do not

rest upon any different grounds. We have, however, noticed this possible difference to the end that it may not be said that we have overlooked it.

The judgment is affirmed.

HOLCOMB, C. J., MACKINTOSH, MAIN, and MITCHELL, JJ., concur.