[Civ. No. 7852. First Appellate District, Division One.—December 8, 1931.]

JOE STEFANI, Respondent, v. SOUTHERN PACIFIC COMPANY (a Corporation), Appellant.

A. A. Jones and Albert Picard for Appellant.

Dan T. Malloy for Respondent.

THE COURT.—Appeal from a judgment rendered in favor of plaintiff for the value of a car of grapes shipped over the lines of defendant.

The complaint alleged in paragraph II thereof "that on or about the 5th day of September, 1926, and at all times herein mentioned since that date, plaintiff was the owner of and entitled to the use and possession of those certain goods and property in the next succeeding paragraph described", and by paragraph III that "on or about the 5th day of September, 1926, at Borden, Madera county, California, the L. Ravano Fruit Company delivered to the defendant for shipment those certain goods and property of the plaintiff, to-wit, 1049 lugs of Zinfandel black juice grapes". It was further alleged that on the same date defendant issued and delivered to plaintiff its original straight bill of lading therefor, designating plaintiff as the owner and Butte, Montana, as the destination thereof; that plaintiff on that date became and ever since has been the owner and holder for value of the bill of lading; that defendant, a common carrier, received the grapes, to be

by it safely carried to the above destination, but failed and neglected to do so, all to plaintiff's damage in the sum of $1769.62.

Defendant denied the allegations of paragraph II, and alleged that the L. Ravano Fruit Co. was the owner of the grapes, that plaintiff had no interest therein and was never entitled to the use or possession thereof. The allegations of paragraph III were admitted. The other allegations were denied except that defendant admitted the receipt of the grapes, alleging the same, however, to have been received from the above-named fruit company for delivery to it at the above-named destination, or to such other place or person as the fruit company might designate; and that while the grapes were in transit and before their arrival at Butte the fruit company instructed defendant to divert the same to Marcello Fruit Company at New York City, which was accordingly done.

The court found that on September 5, 1926, at Borden, California, one Victor Bressen purchased the grapes from the L. Ravano Fruit Company; that on the same date plaintiff purchased the same from Bressen and deposited the sum of $1169.62 to the latter's account in the Metals Bank and Trust Company of Butte; that on the same date at Borden the fruit company last named delivered to Bressen its receipted invoice for the grapes and loaded the same in defendant's car, whereupon the latter issued and delivered its straight bill of lading into Bressen's possession; that plaintiff was named therein as consignee, Butte, Montana, as the destination of the shipment, and the 1,049 lugs of Zinfandel grapes as the merchandise to be delivered to plaintiff as consignee; that on the same day Bressen forwarded to plaintiff the receipted invoice with the bill of lading, and that plaintiff on or about the said date became and ever since has been the owner and holder for value without notice of the bill of lading, and that defendant failed and refused to deliver the grapes to plaintiff at Butte or any other place. It was further found that the reasonable market value of the grapes at their destination was $1769.62, and that demand for its payment was refused. As conclusions therefrom the court found that defendant had failed to establish a lawful excuse for its failure to deliver,

and that plaintiff was entitled to recover in the above amount.

As grounds for its appeal defendant contends that the fruit company never parted with title to the grapes, and that consequently plaintiff had no right of action; that it was justified in making the diversion alleged and that the finding of the market value of the grapes is unsupported.

Straight non-negotiable bills of lading, so marked on their face and used in interstate shipment, as was here the case, are governed by the federal Bills of Lading Act of August 29, 1916 (chap. 415, 39 Stats. L. 538; Fed. Stats. Ann. 1918 Supp., p. 72.) Section 9 (49 U. S. C. A., § 89) provides that subject to sections 10, 11 and 12 (49 U. S. C. A., §§ 90–92) of the act (which have no application here) a carrier is justified in delivering goods to one who is (a) a person lawfully entitled to the possession of the goods, or (b) a consignee named in a straight bill of lading, or (c) a person in possession of an order bill for the goods, etc. It was held in *Bedig* v. *Southern Pac. Co.,* 84 Cal. App. 325 [258 Pac. 148], that a bill of lading is in the nature of a receipt for goods on the part of the carrier, and is only presumptive evidence of ownership thereof; and in *Getchell* v. *Northern Pac. Ry. Co.,* 110 Wash. 66 [187 Pac. 707], that a bill of lading, whether naming another than the consignor as consignee, or naming the same person as both consignor and consignee and thereafter assigned to another, is not evidence of superior title in anyone other than the consignor to the property therein specified; and that it was the intention of Congress to confer upon carriers transporting merchandise in interstate commerce the right to deliver the goods to the true owner, and make such a delivery a defense to an action by a shipper who holds an order bill of lading. It was thus competent for defendant to show that the diversion of the car to the Marcello Fruit Company in New York, as directed by the consignor, was justified by the fact that the latter and not the plaintiff was the owner of the grapes.

Plaintiff claims that defendant's admission of the allegations of paragraph III of the complaint constituted an admission of his ownership; but, as shown above, the direct allegation of ownership in paragraph II was specifically denied, and the reference thereto in paragraph III

was merely by way of recital. Matters of substance must be presented by direct averment and not by way of recital (*Denver* v. *Burton,* 28 Cal. 549; *People* v. *Jones,* 123 Cal. 299 [55 Pac. 992]), and the answer was consequently sufficient to place in issue the ownership of the grapes.

█ It was claimed that the car was to have been paid for in cash on delivery by Bressen but that he failed to do so; it being the rule that upon a sale of goods for cash on delivery the title and right of possession remain in the vendor until the price is paid (*Hilmer* v. *Hills,* 138 Cal. 134 [70 Pac. 1080]); and where there is a failure to pay the purchaser acquires no title which he can convey to another. (*Wong Foo* v. *Southern Pac. Co.,* 41 Cal. App. 42 [181 Pac. 823].) Upon this issue Bressen testified in substance that he had purchased from the fruit company in a previous transaction a quantity of grapes some of which proved to be unsatisfactory; that he was to receive the car which was shipped as a gratuity to satisfy his complaint regarding the inferior condition of the grapes previously received. There were references in certain letters which passed between the fruit company and Bressen which might be so construed as to corroborate the latter's claim. As against this there was evidence that Bressen was only to receive a car gratuitously in case he first purchased ten other cars, and that the car in question was the first one shipped under this arrangement, it being agreed that the same should be a cash transaction, the title to remain in the fruit company until paid for. The evidence on the issue was sharply conflicting, and the weight and credit to be given the testimony of the witnesses were questions for the trial court. (Code Civ. Proc., secs. 1847, 2061.) An appellate court cannot disturb findings where there is substantial evidence to support them, even though it may think that a different conclusion should have been reached (*Clopton* v. *Clopton,* 162 Cal. 27 [121 Pac. 720]); nor will it interfere with the determination of the trial court unless the testimony of the witnesses is inherently improbable and impossible of belief. (*Estate of Russell,* 189 Cal. 759 [210 Pac. 249].) In the present case we cannot say that the testimony of plaintiff and his witnesses in support of his claim of ownership was improbable or unbelievable.

The evidence shows the net weight of the grapes to have been 26,275 pounds. The plaintiff testified that he was familiar with the market value of grapes in Butte at the time when the grapes should have arrived, and that grapes of this type were worth in the market $135 to $136 per ton. This evidence was sufficient to support the court's finding as to their value.

While the fact was not called to the attention of the trial court, according to a stipulation filed by the parties in this court, plaintiff was to have paid the freight, refrigeration and detention charges on the car from Borden, California, to Butte, Montana, which would have amounted to $563.37. Consequently the damage would have been the market value of the grapes at Butte less these charges, or $1206.25.

The judgment is accordingly modified by deducting therefrom the sum of $563.37, and as so modified is affirmed. It is further ordered that each party bear his own costs of appeal.