[Civ. No. 10569. Second Appellate District, Division Two.—November 23, 1935.]

BENJAMIN M. GILMORE, Appellant, v. PARIS INN (a Corporation), Respondent.

Hugh Culler for Appellant.

Canepa & Castruccio for Respondent.

WOOD, J.—Plaintiff commenced this action against defendant to recover damages alleged to have been sustained by him by reason of the refusal of defendant to accord him full and equal accommodations of its place of business, a cafe, in violation of section 51 of the Civil Code. Plaintiff accompanied by a young lady, visited the cafe on the night of February 5, 1935, and requested that he and his companion be seated at a table in order that they might be served with meals and be permitted to dance. There was a conflict in the evidence as to the conversation which took place at that time, plaintiff stating that he was informed by an employee of defendant that the Paris Inn was a private club; that he was asked if he were a member of this private club and was told that he could not receive service unless he were a member. Defendant's witnesses stated that all space not actually occupied when plaintiff entered was reserved for the members of a private organization who would arrive at a later hour. The case was tried by the court without a jury and from a judgment in defendant's favor plaintiff prosecutes this appeal.

Plaintiff's contention that the findings are not supported by the evidence cannot be sustained. The record discloses substantial evidence to support the findings of the court, and such being the case the action of the trial court may not be disturbed on appeal.

During the trial plaintiff called for the production of defendant's record showing advance reservations for the evening in question. When defendant produced the reservation book plaintiff objected to its introduction and the objection was sustained. He is not now in a position to complain of the action of the court. His complaint is based upon certain remarks made by the trial judge on the subject.

These remarks are not part of the findings and may not be made the basis for a reversal of the judgment.

The judgment is affirmed.

Crail, P. J., and McComb, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 20, 1936.