[Crim. No. 1574.   Third Appellate District.—October 21, 1937.]

THE PEOPLE, Respondent, v. EUGENE F. PLANER, Appellant.

R. R. Sischo for Appellant.

U. S. Webb, Attorney-General, and Wilmer W. Morse, Deputy Attorney-General, for Respondent.

THOMPSON, J.—The appellant was convicted of perjury under the provisions of section 118 of the Penal Code. The alleged perjury consists of falsely swearing, under oath, in a civil proceeding in the Superior Court of Merced County that neither he nor his wife signed or executed a certain quitclaim deed and bill of sale which purport to contain their signatures.

The appellant and his wife were farmers living in the vicinity of Merced. They were jointly charged, tried and convicted of the crime of perjury. Probation was granted to Mrs. Planer. A motion in arrest of judgment was denied. From the order denying his motion in arrest of judgment, from the order denying his motion for a new trial and from the judgment of conviction Eugene F. Planer has appealed.

The purported appeal from the order denying the motion in arrest of judgment is ineffectual. An appeal does not lie from that order which must be made before the entry of judgment. (Sec. 1237, Pen. Code; *People* v. *Bundy,* 168 Cal. 777 [145 Pac. 537]; *People* v. *Fitzgerald,* 14 Cal. App. (2d) 180 [58 Pac. (2d) 718].) The appeal from that order is therefore dismissed.

It is contended the verdict and judgment of conviction are not sustained by the evidence; that the court erred in admitting and excluding evidence at the trial and in unduly limiting the appellant's cross-examination of certain witnesses; that the trial judge was guilty of prejudicial misconduct in commenting on the evidence and that the jury was also guilty of prejudicial misconduct in considering evidence which was received outside of court.

The verdict and judgment are not supported by the evidence. The appellant was convicted of falsely swearing at the trial of a civil cause that neither he nor his wife signed or executed a certain quitclaim deed or bill of sale, and that he falsely swore in an affidavit taken under oath to the effect that when they signed a certain agreement terminating their right and title to certain lands that the document contained several blank lines which were subsequently filled in without their knowledge or consent. The agreement terminating their interest in the property and the quitclaim deed and bill of sale,

with relation to which he is charged with perjury, were received in evidence. The quitclaim deed describes the property affected thereby as "the South 71.42 acres of the Southeast quarter of Block three (3) Subdivision 5 of the Chowchilla Ranch, in the County of Merced, State of California, as said block is designated and delineated upon that certain map entitled 'Map of Subdivision No. 5 of the Chowchilla Ranch', filed September 11, 1912, in the office of the County Recorder of said Merced County, in Vol. '5' of Official Plats at page 30''. The bill of sale merely refers to "all of our right, title and interest in and to all that personal property as described in that certain Termination of Agreement dated October 4th, 1935''. The termination agreement, dated October 4, 1935, fails to describe any property whatsoever.

It appears that the affidavit of the appellant was taken before Judge H. S. Shaffer of Merced County on February 11, 1937, to be used "in the case of O. A. Gudgel, plaintiff, versus Eugene F. Planer, defendant'', and that the same judge presided at the trial of that case. This affidavit was not offered in evidence, and it does not appear what averments were contained therein which are material to the civil cause or this charge of perjury. The pleadings in the *Gudgel* v. *Planer* case above referred to were not received in evidence. A part of the cross-complaint in that action was read in evidence over the objection of the appellant. While it seems to be conceded that the civil action was maintained for the purpose of determining the right to Planer's possession of some real property, our attention is not called to any evidence, and we are unable to find in the transcript on appeal in this case any evidence as to what property was involved in the civil suit. We are unable to determine from the record the nature of the civil action in which the appellant is charged with giving false testimony. There is absolutely no evidence that the property which was involved in the civil action is the same property affected by the quitclaim deed, the bill of sale or the agreement terminating the interest in the property. Unless those instruments were involved in the civil suit or the property affected thereby, it is apparent it would be immaterial whether the appellant signed or executed them. To convict the appellant of perjury it was necessary for the prosecution to prove that the appellant's false testimony in the civil case was material to the issues in

that case. (Sec. 118, Pen. Code; 20 Cal. Jur., p. 1012, sec. 8; *People* v. *Perazzo*, 64 Cal. 106 [28 Pac. 62].) Section 118 of the Penal Code, under which the appellant was convicted, reads:

"Every person who, having taken an oath that he will testify, declare, depose, or certify truly before any competent tribunal, officer, or person, in any of the cases in which such an oath may by law be administered, *wilfully and contrary to such oath, states as true any material matter which he knows to be false,* is guilty of perjury."

In the case of *People* v. *McDermott,* 8 Cal. 288, 290, the court said:

"The rule is well established, that the false oath must be material to the issue, and, therefore, prejudicial to some one, otherwise, however wilful, it cannot be perjury."

In 21 Ruling Case Law, page 259, section 6, it is said:

"The materiality of the testimony must be established by evidence and cannot be left to presumption or inference, and proof that the testimony was admitted on the trial is not sufficient to warrant a jury in inferring that such testimony was material to the issue."

For the reason that the record utterly fails to show that the real or personal property which was involved in the civil suit was the same property which is affected by the quitclaim deed, the bill of sale or the contract terminating appellant's interest in property, and because there is a lack of evidence as to the nature of the civil action, it necessarily follows that the materiality to the issues of the civil suit of the alleged false testimony regarding the execution of those three instruments, has not been shown. Upon that ground it becomes necessary to reverse the judgment.

In view of our preceding conclusions it is not necessary to pass upon the other assignments of error.

The judgment and the order denying motion for new trial are reversed.

Pullen, P. J., and Plummer, J., concurred.