[Civ. No. 11780.   First Dist., Div. Two.   Dec. 8, 1941.]

GEORGE L. FARMER, Respondent, v. G. MATSUTANI et al., Appellants.

Tinning & DeLap and J. Vance Porlier for Appellants.

Ralph E. West for Respondent.

NOURSE, P. J.—This action for damages to property and for personal injuries was tried before the court sitting without a jury. Defendants appeal from a judgment entered in favor of plaintiff in the sum of $747.63 plus costs, and from an order denying their motion for a new trial.

The accident occurred on the Pacheco-Concord road, a paved two-lane county highway running east and west, about seven-tenths of a mile east of the town of Pacheco. At this place in the road the shoulder on the south side of the highway has a surface of loose gravel and there is a private driveway on the north side leading to defendant Matsutani's ranch. On September 24, 1940, at about 7:10 a. m., defendant Toriyama was driving a truck belonging to his employer, defendant Matsutani, in an easterly direction along the highway at a speed of approximately five miles per hour. Plaintiff was following the truck in his automobile at a speed of about

forty-five miles per hour and sighted the vehicle when it was approximately one hundred and fifty yards ahead of him. Plaintiff testified that defendant gave a stop signal with his arm, continued for thirty-five feet and then came to a stop; plaintiff stated that at this time he was one hundred and twenty feet to the rear of the truck and was maintaining his speed in order to pass the vehicle. Defendant testified that he made no stop at that point, that he did not give a stop signal and that if he had given such a signal with his arm the truck body would have obscured it from plaintiff's view.

Plaintiff testified that the truck remained stopped for a second and then without any warning signal turned left across the highway towards defendant Matsutani's driveway. Defendant driver, on the other hand, stated that he raised the mechanical arm signal for a left turn about one hundred and fifty feet from the driveway, that he slowed down about one hundred feet before reaching his employer's private road and that when he started to make the left turn plaintiff was about one hundred and fifty feet to the rear; the truck driver testified that at no time did he stop his vehicle diagonally across the driveway. Plaintiff's story was that as he observed the truck turning towards the left he steered his automobile to the right side of the road with the intention of clearing the rear end of the vehicle. Plaintiff testified that the truck travelled about five feet in an easterly direction, about thirteen feet in a northerly direction and then came to a stop in the middle of the highway leaving only a couple of feet clearance behind it. As a result plaintiff applied his brakes, leaving a seven foot skidmark on the highway, and turned his car to the right in order to avoid colliding with the truck. The automobile skidded on the loose gravel, went out of control, struck a power pole on the shoulder of the highway seventy-two feet east of the point at which it left the pavement and then made a half circle thirty-two feet across the highway. The car came to a stop on the north shoulder of the road facing in a westerly direction with the private driveway to plaintiff's right and the truck in front of him.

Plaintiff was removed to a hospital in an ambulance, and after receiving medical treatment he was sent home; he continued to receive treatment until October 10, 1940. Plaintiff was interviewed by a highway patrol officer at 5:30 p. m.

on the day of the accident at which time he claims that he was still in a dazed condition as a result of having hit his head against the steering post of the automobile. He told the officer that the truck had emerged from a private driveway on the south side of the highway. On September 30, 1940, plaintiff took an oath to a criminal complaint accusing defendant Toriyama of driving a truck onto the highway from a driveway without yielding the right of way and also accusing him of unlawfully stopping the vehicle without leaving the statutory clearance. During the course of the trial of the instant action plaintiff testified that he had been mistaken as to the details surrounding the accident when he related the former stories concerning its occurrence, but that he subsequently passed the scene of the accident and noticed that the driveway was on the north side of the highway rather than on the south side; it was then that he recalled how the incident occurred and evolved the story which he related in court. The cause was ordered submitted for decision; the court found defendants guilty of negligence and awarded a judgment in favor of plaintiff. Defendants' motion for a new trial was denied and both defendants appeal.

■ Appellants argue that respondent's testimony, in direct conflict with his previous stories of the accident, was so improbable and obviously false that the conflict which was resolved in his favor should not be binding on the appellate court. Without considering the previous stories told by respondent the facts heretofore stated disclose that the testimony of the witnesses in the trial court concerning the circumstances surrounding the accident was in substantial conflict. It is well settled that where such a substantial conflict in the evidence has been resolved in favor of one party by the trial court and where there is substantial evidence to support the finding the appellate court will not interfere with that determination (*Arundel* v. *Turk*, 16 Cal. App. (2d) 293, 296 [60 Pac. (2d) 486]; 2 Cal. Jur. 918 et seq. and cases cited therein). Respondent explained that when his car finally came to a stop he was headed in a different direction and that he had been dazed by a blow on the head, which explanation apparently satisfied the trial court as to the reason for his previous stories of the accident. We cannot say that this testimony was inherently improbable or obviously false and therefore the determination of the trial court is

conclusive. (*Hersh* v. *Garau*, 218 Cal. 460, 465 [23 Pac. (2d) 1022] ; *Stefani* v. *Southern Pacific Co.*, 119 Cal. App. 69, 73 [5 Pac. (2d) 946].) In such a case the conflict between the testimony of the witness and the statements previously made by him presents a question of fact for the trier of facts, and it is not within the province of the appellate court to interfere. (*Williams* v. *General Insurance Co.*, 8 Cal. (2d) 1, 4, 5 [63 Pac. (2d) 289].)

■ Appellants also contend that the evidence showed that the truck driver was not negligent and that respondent was guilty of contributory negligence either because of his excessive speed or because he was following too closely behind the vehicle ahead. Respondent testified that the truck driver turned the vehicle left across the highway and stopped on the paved portion leaving only about two feet clearance to the rear and six feet clearance to the front in violation of section 583 of the Vehicle Code. This testimony constitutes substantial evidence to support the findings of negligence on the part of appellants, and therefore such findings will not be disturbed on appeal. (*Estate of Moore,* 162 Cal. 324, 326 [122 Pac. 844] ; *National Ice & Cold Storage Company of California* v. *Pacific Fruit Express Co.,* 11 Cal. (2d) 283, 288 [79 Pac. (2d) 380] ; 2 Cal. Jur. 918.) Respondent's testimony indicated that when the truck stopped diagonally across the highway he attempted to avoid a collision by applying his brakes and steering his automobile to the rear of the truck. It is apparent that respondent was in a situation of peril and that the trier of the facts may well have found that his actions under such circumstances were reasonable (*Squier* v. *Davis Standard Bread Co.,* 181 Cal. 533, 535 [185 Pac. 391] ; *Hill* v. *Peres,* 136 Cal. App. 144, 147 and 148 [28 Pac. (2d) 944]) ; and that he was not guilty of contributory negligence.

■ Appellants finally urge that certain remarks made by the trial judge indicate that the court was under the erroneous impression that before a vehicle can lawfully turn across a highway in front of an approaching automobile there must be a clearance of four hundred feet between the two vehicles. The record shows that counsel for respondent advised the court that section 544 (a) of the Vehicle Code covered that point and that the judge then took the case under submission. There is no showing of any prejudice to appellant or that the judgment was based on the court's

misconception of the law on the subject. Remarks made by the trial judge which are not part of the findings, and which in themselves are not prejudicial, do not constitute a basis for reversal of the judgment. (*Gilmore* v. *Paris Inn,* 10 Cal. App. (2d) 353, 355 [51 Pac. (2d) 1103].)

The special appeal from the order denying the motion for a new trial is dismissed.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.