[Civ. No. 12844. First Dist., Div. Two. July 13, 1945.]

In re GEORGE VINCENT CREELY, an Abandoned Child. MABERYL B. OLVERA, Respondent, v. GEORGE CREELY, Appellant.

Morris Lavine, John Van Aalst and A. Lawson Crawford for Appellant.

No appearance for Respondent.

NOURSE, P. J.—This is an appeal from an order of the Juvenile Department of the Superior Court of San Francisco County decreeing George Vincent Creely to be an abandoned child free from parental custody and control. After appellant's brief was filed the respondent failed to file her brief within the time prescribed by the Rules on Appeal. Notice was duly given in accord with rule 17(b), and the case was thereafter submitted upon appellant's opening brief.

Appellant and his wife separated on or about December 30, 1927, when their child, George Vincent Creely, was one year of age. He is now over eighteen and is about to be inducted into the military service. Mrs. Creely moved from their Los Angeles home to San Francisco and in the early part of 1928 went with her son to live with Maberyl B. Olvera, the petitioner herein. She filed a divorce action in that year but the decree was never obtained. On January 7, 1931, Mrs. Creely signed a written consent to the adoption of the boy by Mrs. Olvera and shortly thereafter disappeared. Petitioner has had sole custody of the minor since 1929, and has raised and supported him during this period. On January 6, 1944, Mrs. Olvera filed her petition to have George Vincent Creely declared an abandoned child. George J. Creely, the

father, appeared and contested the action. After hearing the matter and the testimony on both sides the court entered its findings and order in accordance with the petition.

Proceedings to declare a minor free from parental control are governed by section 701 of the Welfare and Institutions Code which reads in part as follows: "The jurisdiction of the juvenile court extends also to any person who should be declared free from the custody and control of either or both of his parents. The words 'person who should be declared free from the custody and control of either or both of his parents' shall include any person under the age of 21 years who comes within any of the following descriptions:

"(a) (*Minor left in another's custody.*) Who has been left by either or both of his parents in the care and custody of another without any provision for his support, or without communication from either or both of his parents, for the period of one year with the intent on the part of such parent or parents to abandon such person. Such failure to provide, or such failure to communicate for the period of one year, shall be presumptive evidence of the intent to abandon. Such person shall be deemed and called a person abandoned by the parent or parents abandoning him."

It is appellant's main contention that the evidence is insufficient to show that he left his son in the custody of petitioner but indicates to the contrary that he did not intend to abandon the boy within the meaning of the code section. His testimony in the trial court was mainly to the effect that during all of the years since the separation he continually attempted to locate his son and did not know that the boy was with Mrs. Olvera.

The court found to the contrary:

"(2) That said child GEORGE VINCENT CREELY, left in the care and custody of another by his parent for a period of more than one year next prior to the filing of the petition herein, without any provision for the support of said child and with the intent to abandon said child."

The evidence presented to the trial court is sufficient to uphold this finding and the decree entered. It was shown that Mrs. Olvera has had complete control and custody of the boy since 1929, that she has supported him, clothed him and sent him to school during this period. It is undisputed that neither the boy's father nor mother has contributed anything to his support in these years.

█ The only question, therefore, is whether or not the appellant had intended to abandon the boy within the meaning of section 701 of the Welfare and Institutions Code. The petitioner testified that although appellant had come to her house on various occasions he never at any time offered to support the child. The appellant testified that he knew where the boy was living for the first year or two but that he did not know after that time. The petitioner, however, testified that Mr. Creely knew that his son was living with her during all of this period and actually told her that he did not want the boy. Her testimony was that the appellant came frequently to her home, refused to have anything to do with the boy unless his wife returned to live with him in Los Angeles, and frequently made trouble for petitioner because of his wife's desertion. There is a strong inference from all the testimony that appellant's only interest in the boy was to use him as an instrument to induce his wife to return to him and that he refused to support the boy unless a reconciliation was accomplished. The minor testified that his father had never communicated with him and that the first time he could ever remember having seen his father was in court during the instant case.

The reasoning of *In re Peterson,* 56 Cal.App.2d 791, at page 794 [133 P.2d 831], applies to the case before us. "It is the province of the trial judge to pass on the weight to be given the evidence and the credibility of the witnesses." Here, as in that case, the court was privileged to accept the testimony of petitioner as true to the effect that the father had not contributed to the support of his son for a period of more than one year and showed no desire to regain custody of the son during the past years. The same conclusion follows, therefore, that the evidence supports the decision of the trial court that George Vincent Creely was an abandoned child within the meaning of section 701 of the Welfare and Institutions Code.

█ Appellant cites certain remarks made by the trial judge to show prejudice and to indicate that the decision was based upon improper considerations. This case was tried by the court in accordance with the provisions of the Welfare and Institutions Code, sections 775 to 786 inclusive. The proceeding was conducted in an orderly and fair method and the decision of the court was based upon substantial evidence,

as hereinbefore indicated. There is no showing that the court misconceived the law on the subject. As was said by this court in *Farmer* v. *Matsutani*, 48 Cal.App.2d 332, at page 337 [119 P.2d 740] : "Remarks made by the trial judge which are not part of the findings, and which in themselves are not prejudicial, do not constitute a basis for reversal of the judgment. (*Gilmore* v. *Paris Inn*, 10 Cal.App.2d 353, 355 [51 P. 2d 1103].)"

Appellant finally urges that section 701 (a) of the Welfare and Institutions Code as applied to this case violates due process of law guaranteed by the Fourteenth Amendment to the Constitution of the United States. There is no merit in this contention. Due process of law requires sufficient notice to the parents with an opportunity for them to be heard. (*Matter of Guardianship of Michels*, 170 Cal. 339 [149 P. 587] ; *Estate of Hampton*, 55 Cal.App.2d 543, 560 [131 P.2d 565].) This procedure is provided for by sections 775 to 786 inclusive of the Welfare and Institutions Code and in the instant case the record shows that such requirements were fulfilled. Appellant's argument that section 701 (a) operates to take a child from its parent under an arbitrary presumption is unfounded. The failure to provide for or to communicate with the child for a period of one year is only "presumptive evidence of the intent to abandon." This presumption could be overcome by opposing evidence and the existence for a year of the "intent to abandon" is a question of fact for the determination of the trial court (*Moch* v. *Superior Court*, 39 Cal.App. 471, 477 [179 P. 440]).

The order appealed from is affirmed.

Sturtevant, J., and Dooling, J. pro tem., concurred.