[Civ. No. 17994. Second Dist., Div. Three. Feb. 9, 1951.]

In re LARRY LEE NASH, a Minor. PHILIP L. NASH et al., Appellants, v. MORRIS REZNICK et al., Respondents.

R. Norman Wenzell for Appellants.

Gordon M. Emanuel for Respondents.

SHINN, P. J.—Appeal on the judgment roll by petitioners, Philip L. Nash and Marjorie M. Nash, from an order granting a new trial in a proceeding to have minor declared free from custody of parents.

Mr. and Mrs. Nash filed a petition in juvenile court under the provisions of section 701 of the Welfare and Institutions Code to have Larry Lee Nash, aged 3, declared free from the custody and control of his natural mother after she had refused to consent to the adoption of said child by petitioners.

Section 701 and subdivision (a) read as follows: "The jurisdiction of the juvenile court extends also to any person who should be declared free from the custody and control of either or both of his parents. The words 'person who should be declared free from the custody and control of either or both of his parents' shall include any person under the age of 21 years who comes within any of the following descriptions: (a) [Minor left in another's custody.] Who has been left by either or both of his parents in the care and custody of another without any provision for his support, or without communication from either or both of his parents, for the period of one year with the intent on the part of such parent or parents to abandon such person. Such failure to provide, or such failure to communicate for the period of one year, shall be presumptive evidence of the intent to abandon. Such person shall be deemed and called a person abandoned by the parent or parents abandoning him."

The child was born to respondent, Ethel Hendrickson, then an unmarried woman, on February 18, 1946. She entered the hospital under the name of Marjorie M. Nash and gave the name of the father of the child as Philip Nash and the child's birth certificate was made out accordingly. The child was then given into the care and custody of the petitioners, Mr. and Mrs. Nash and the natural parents, Ethel Hendrickson and Morris Reznick (who are now married) contributed nothing to his support. The trial court found that respondents, parents of said child, abandoned him, and concluded that he should be declared free from their custody and control.

Respondents moved for a new trial on the following grounds: "(1) Irregularity in the proceedings of the adverse party, by which citees were prevented from having a fair trial; (2) accident or surprise, which ordinary prudence could not have guarded against." The motion was granted for the latter reason.

The only affidavit filed in support of the motion for a new trial is that of respondents' attorney. Therein he states in part that counsel for petitioners, during his closing argument to the court, argued that Morris Reznick had refused and neglected to support his children by a former wife. It was asserted that to the best recollection of affiant no evidence of any kind had been brought out at the trial to which this argument could refer; that it was highly prejudicial to respondents; that affiant had receipts to prove that respondent Reznick had supported his other children and that affiant thought the argument of opposing counsel was made in good faith. This is, apparently, the "accident and surprise" which was the basis of the order granting the new trial inasmuch as it is the only point referred to in respondents' brief.

█ In a proceeding such as this under section 701 (a) of the Welfare and Institutions Code, the only issue involved is whether the child was abandoned by his parent or parents, as the case may be. (*Guardianship of Kerns,* 74 Cal.App.2d 862, 864 [169 P.2d 975].) █ Whether there has been an abandonment within the meaning of the section is a question of fact for the trial court (*In re Creely,* 70 Cal.App.2d 186, 190 [160 P.2d 870]; *In re Sanders,* 88 Cal.App.2d 251, 254 [198 P.2d 523]). Respondents did not move for a new trial on the grounds of newly discovered evidence or that the evidence did not support the findings. (Code Civ. Proc., § 657.) █ We feel that it was an abuse of discretion to grant the motion on the ground specified. █ The surprise for which the courts have power to grant a new trial must be "some condition or situation in which a party to a cause is unexpectedly placed to his injury, *without any default or negligence of his own* . . . which ordinary prudence could not have guarded against." (*Porter* v. *Anderson,* 14 Cal.App. 716, 726 [113 P. 345].)

█ A statement in argument of immaterial facts outside the record does not cause "surprise" in a legal sense and we cannot see how respondents could have suffered prejudice.

The order granting a new trial is reversed.

Wood (Parker), J., and Vallée, J., concurred.